## Sharp *vs* Pike's Administrator.

ERROR TO THE BOURBON CIRCUIT.

*Practice. Jurisdiction. Uusury. Interest.*

CHIEF JUSTICE EWING delivered the opinion of the Court.

CHANCERY.

*Case* 43.

*Oct.* 11.

Case stated.

ARNOLD, as administrator of Pike, in 1840, filed his bill in the Bourbon Circuit Court, alledging that he had been compelled, as administrator aforesaid, by the judgment of the Bourbon Circuit Court, to pay a note that had been executed by his intestate, as the surety of A. R. Depew, to E. T. Sharp, bearing date the 26th January, 1830, for $393 26 cents, with interest thereon from the 26th January, 1839, till paid, and costs, amounting to upwards of $400. He alledged that Depew was a non-resident, and sought to subject some slaves to the payment of the same, which he charged were in the hands of one Alexander, in Bourbon county, and in which he alledged that Depew had an interest. Depew filed his answer in April, 1842, which he makes a cross bill against Arnold and Mrs. E. T. Sharp, and alledges that the note had been executed for borrowed money, and an interest of ten per cent. per annum, payable semi-annu-

SHARP
*vs*
PIKE'S AD'R.

ally, was reserved, and which had been promptly paid by him down to the 26th January, 1839; and that he had executed to Mrs. Sharp another note for $424, on the 12th July, 1829, for borrowed money, on the same terms, and had regularly paid the legal and usurious interest semi-annually on the same, down to the 12th January, 1838, when he paid off and lifted the last mentioned note. He prays for a decree for the usury paid on both notes, and that the same may be paid to Arnold, in satisfaction of his claim against him, if Arnold has paid the first mentioned note to Mrs. Sharp. Process was served on Mrs. Sharp in Franklin, in January, 1843, and the bill taken for confessed against her at a special chancery term, authorized by an act of the Legislature, held in August, 1843, and a decree rendered against her for $441 91, with interest from the date of the decree, and her proportion of the costs, to be paid to Arnold in satisfaction of so much of the amount paid by him of Depew's liability to him as Administrator of Pike. Arnold's bill was dismissed by his direction, at the April term, 1843, and reinstated, by consent, at the August term, before the decree was rendered, and dismissed by the Court in his decree as to Alexander and the Woodfalks, who had, in the progress of the case, been made parties to Arnold's bill. Mrs. Sharp has prosecuted a writ of error to this Court.

An answer to an original bill is made a cross bill against a co-defendant, a dismission of the original bill does not affect the cross bill, and a subsequent reinstating of the original bill, by consent of parties, cannot be assigned for error by defendant to cross bill.

There was no error to her prejudice in the reinstatement of Arnold's bill, just before the decree, by the consent of the parties to the same, though the consent be construed to apply to other parties than Mrs. Sharp. The discontinuance of his bill at a former term, did not discharge him as a *defendant* to Depew's cross bill, and without a reinstatement of the cause at the time of hearing, it was equally competent for the Court to entertain jurisdiction upon the cross bill without its reinstatement as with it.

Parties are bound to take notice of special terms of Court given by statute.

Nor was there any error in taking the bill for confessed against Mrs. Sharp, upon her failure to answer, and rendering a decree against her at a special term of the Court. The term was authorized by a legislative act, and it was her duty to take notice of the act and of the designation

of the special term, she being presumptively in Court by the service of process upon her, months preceding the previous regular April term.

But we at first doubted whether the Bourbon Circuit Court could take jurisdiction of the cross bill as to her. Had Arnold paid the debt, he could not, certainly, sustain a bill in Bourbon, to recover back the usury, upon process served on Mrs. Sharp in Franklin, when neither Depew nor any other necessary party to that end,· was found in Bourbon.   Nor could Depew have sustained his bill in that county, for the recovery of the usury paid  by himself on the first note.   But had Arnold paid off the last note, which embraced a large excess above the true amount due, had the proper credits for usurious interest previously paid, been endorsed, as ·he was seeking to coerce from Depew the whole amount so paid, it was competent for  Depew  to  make  his  answer a cross bill, and ask a restitution to Arnold, of the amount so illegally paid, as the means of diminishing the amount recoverable against him by  Arnold.   He could  not sustain his cross bill, nor could he have sustained an original bill to recover back the usury paid by Arnold, without making him a party.   And though Arnold has not paid off the last note, if a judgment for the amount has been recovered against him in Bourbon, including the excess for usurious interest, it was competent for Depew to file his cross bill in  Bourbon, to obtain a credit of the excess upon the judgment, and a perpetual injunction against the coercion of the same from Arnold, the representative of his surety.   In either aspect of the case, Arnold was a necessary party,  and being a necessary party according to principles settled by this Court in the case of *Caufman* vs *Sayre*, (2 *B. Monroe*, 202,) the Bourbon Circuit Court had jurisdiction of the cause against Mrs. Sharp, as to the excess so paid, or if not paid, for which judgment had been recovered.   And having jurisdiction over the person and subject to either of those ends, it was competent for the Chancellor to exercise jurisdiction as to the amount of usury paid by Depew upon the first note discharged, as the demands were both of the same nature and of equitable cognizance, and are not so disconnected

SHARP
*vs*
PIKE'S AD'R.

The residence of any necessary party to a suit in Chancery to reclaim usury paid, gives jurisdiction.

as not to be the subject of a single bill for the settlement of the entire amount of usury exacted.

But the cross bill which is taken for confessed against Mrs. Sharp, does not alledge that the money has been paid by Arnold, nor does the fact appear in proof. The allegation is that if it has been paid, of which he is not apprised, that the excess of usury, as well as the excess overpaid by himself on the first note lifted, might be refunded to Arnold. Upon such an allegation, and without proof of the payment by Arnold to Mrs. Sharp, a decree should not be rendered against her to refund. If she has not been paid, she should not be required to refund. Neither should a decree be rendered in the present aspect of the case for a credit on her judgment against Arnold for excess recovered. For if the whole judgment has been paid, such a decree would avail nothing nor afford any relief. But as it appears, by the exhibition of a copy, that a judgment was rendered in the Bourbon Circuit Court in favor of Mrs. Sharp against Arnold, on the last note, and as there is a prayer in the cross bill for general relief, and in either aspect of the case there is merit in the claim set up, and a decree of some kind should be rendered in the complainant's favor, but what decree cannot be ascertained without further preparation or proof, the decree must be reversed, that an enquiry may be had by a commissioner or otherwise, or further preparation made, so as to show whether the judgment has or has not been paid by Arnold, that a proper decree may be rendered.

But there is, also, error in the amount decreed. Interest should not have been allowed on the excess over the true amount due, paid on either note, for the *time* from the payments and *entire satisfaction* of the notes, to the *time* of filing the cross bill, there being no other election to recover back the usury, nor demand of it made prior to the filing of the cross bill. The usurious payments should have been credited on the notes, at the times they were severally made, in discharge of so much of the principal, the residue of the amount of the notes being allowed to bear legal interest, down to the periods at which they were severally paid off, and then interest upon the excess paid

over the true amount payable, calculated from the filing of the cross bill only, to the rendition of the decree. As according to the principle settled by this Court in the case of *Woods* vs *Gray's executor*, at the present term, interest is not recoverable upon usury paid and sought to be recovered back, until the payor elects to reclaim it; and as settled by this Court in the case of *Crutcher* vs *Trabue and Tunstall*, (5 *Dana*, 80,) the payments in usury should be applied as payments on the note, as they are severally made, and as such, go to reduce the principal, while any part of the note remains unpaid.

Calculated as indicated, according to our estimate, the amount overpaid on the first note when it was paid off, is £163 65 cents, and the amount overpaid on the second note when it was paid off, is $163 68 cents, which make in the aggregate, $327 33 cents. This amount only, with interest from the filing of the cross bill to the rendition of the final decree, with her proportion of the costs, should have been decreed against Mrs. Sharp on any event.

The decree of the Circuit Court is, therefore, reversed, and cause remanded that Depew may be permitted to amend his bill, and Mrs. Sharp's representatives, (she being dead,) be allowed to file an answer, if they desire to do so, and further proceedings had, that a decree may be rendered not inconsistent with the principles indicated. And the plaintiff in error is entitled to costs in this Court.

*Morehead & Reed* for plaintiff: *Harlan & Craddock* for defendant.