## JOSEPH B. MATTINGLY, Appellant, *v.* LEONIDAS A. DARWIN, Appellee.

### APPEAL FROM RANDOLPH.

The statute does not require a circuit judge to use any formula in calling a special term ; any language which indicates his intention is sufficient.

A circuit judge has no power to postpone a regular term ; the process made returnable to it would still be regular, and so of all other matters depending upon it as an event. He may appoint a special term at a time beyond the statutory term, the necessity for which he is the sole arbiter.

A declaration in trover will be sustained, although no amount is expressed in the *ad damnum*.

The question upon a chattel mortgage between the mortgagee and a purchaser, as to the description of the proof, may be settled by proof outside the mortgage.

THIS was an action of trover, brought in the Circuit Court of Randolph county, by the appellee, who was plaintiff, against the appellant, defendant. The cause was tried by the court, without a jury, by consent of parties, at the term which was held in the month of October, 1859, ensuing, by virtue of the order and appointment set out in the opinion following.

The writ commands the defendant to answer the plaintiff " in an action of trover, damages $1,000," and the following is a part of the plaintiff's declaration :

Leonidas A. Darwin complains of Joseph B. Mattingly, who has been summoned to answer in an action of trover, for that whereas the said plaintiff heretofore, to wit, on, etc., at, etc., was lawfully possessed, as of his own property, of the undivided half of a certain steamboat called the " William Phillips," and a steam engine and boilers, and machinery, furniture and rigging thereon, and to said steamboat belonging, of great value, to wit, of the value of $1,000 ; and being so possessed thereof, etc., said plaintiff afterwards, to wit, on the day and year afore-

said, at, etc., aforesaid, said plaintiff casually lost the said steamboat, engine and boilers, machinery, furniture and rigging, etc., out of his possession, and the same afterwards came to possession of said defendant by finding, etc., which said defendant converted to his own use, to the damage of said plaintiff, and therefore he brings his suit, etc.

To this the defendant joined issue, by his plea of not guilty.

On the trial, the plaintiff offered a chattel mortgage, which described the property as " one undivided half of the steamer, ' Phillips,' this day sold by the said party of the second part to the said party of the first part, a new wood boat, eighty (80) feet long and twelve and a half (12½) feet wide, and the leasehold of a house now occupied by the said party of the first part, as a grocery store, situated on lot one (1), in block one (1), in Mather, Lamb & Co.'s survey of the city of Chester, in said county of Randolph ; to have and to hold the said steamer, wood boat and leasehold above bargained and sold, or intended so to be, with the said party of the second part, his executors, administrators and assigns, forever."

To this mortgage, as evidence, the defendant objected, on the ground of variance, which objection was overruled by the court, and the mortgage was admitted, to which the defendant excepted.

The plaintiff next offered in evidence a promissory note, of which the following is a copy :

" $700.00. Six months after date, for value received, I promise to pay to John G. Darwin, or order, the sum of seven hundred dollars, with five per centum per annum interest, from date. *Chester, May* 24, 1858.

JOHN WILKERSON."

To the introduction of this note the defendant objected, on the ground that it was irrelevant. Objection overruled by the court, and note admitted.

Plaintiff next called *R. B. Servant,* who, being duly sworn, testified, that the parties to the chattel mortgage employed him to draw up the mortgage, and that in speaking to him about the steamer, they called it the Phillips, and they told him that was her name. Witness also said he had heard the boat spoken of frequently, and always as the Phillips ; that she was running up the Okaw river ; that he did not see the boat at the time of making the mortgage, but supposed she was in good running order ; that the note offered in evidence was the note to secure which the mortgage was given, and that it was made at the same time of the mortgage. To all of which testimony the defendant, at the time, objected. The court overruled the objection, and admitted it in evidence, to which the defendant then and there excepted.

The court rendered a verdict of $300 damages for the plain-

tiff. The defendant entered a motion for a new trial, which being overruled by the court, the defendant excepted. The defendant then entered a motion in arrest of judgment, on the ground that the verdict was for more damages than was claimed or alleged in the declaration, and also, on the ground that the court was sitting without authority of law, and had no valid right or jurisdiction in the premises. The motion in arrest was also overruled, to which the defendant, at the time, excepted. The court gave judgment on the verdict for $300 damages and costs. The defendant prayed an appeal to the Supreme Court, which was allowed.

By agreement, in writing, the case is brought to the Second Grand Division.

The appellant assigns the following errors:

1. Error in admitting, as evidence, the instrument described as a chattel mortgage.
2. In permitting the promissory note to be read in evidence.
3. In the admission of the testimony of R. B. Servant.
4. In rendering the verdict.
5. In overruling the motion for a new trial.
6. In overruling the motion in arrest of judgment.
7. In rendering the judgment, and in the judgment itself.
8. In assuming jurisdiction of the case.
9. In the order and appointment, and in holding the term at which the cause was tried.

T. G. ALLEN, for Appellant.

G. KŒRNER, for Appellee.

CATON, C. J. The first question to be considered is, whether the appointment of the special term, at which this cause was tried, was valid or a nullity. The law under which that term was appointed is as follows:

" The circuit judges of the several judicial circuits of this State, shall have power in vacation, and they are required to appoint a special term of the court in any of the counties comprising their respective circuits, whenever it may be necessary for the prompt and efficient administration of justice; and whenever any special court shall be held, the clerk of said court shall give the sheriff of said county notice, in writing, at least twenty days before said court is to be held, who shall summon a grand and petit jury to attend at the court house on the day appointed for holding said court, and said sheriff shall put up notices of the time of holding such court, in at least five of the most public places in said county, and all process which

may have been made returnable to the regular term, shall be deemed in law returnable to the said special term appointed as aforesaid."

The special term was appointed by the following order, addressed by the circuit judge to the clerk of the court:

"*Central City, July 6th,* 1859.

"J. M. Ralls, Esq.,

"Dear Sir:

"Believing that it will be advantageous to the people of Randolph county, to postpone the term of the Circuit Court until the 10th day of October next, instead of holding the fall term in September, you will notify the sheriff of your county, in writing, as specified in the fiftieth section of the law entitled 'Organization and Jurisdiction of the Circuit Court,' page 627, Treat, Scates and Blackwell's Statutes.

"You will also say to him to adopt the list of jurors as designated by the County Court of your county for the September term, and summon them as jurors for the special October term hereby ordered.

"All process hereafter issued, will be made returnable to the first day of the October special term, (10th Oct., 1859,) and by law all process, heretofore issued, returnable to the regular term, is valid, and will be so held at the special term.

"Resp'y Yours,

"H. K. S. O'MELVENEY."

The statute requires no set form of words to be used by the circuit judge to make a valid appointment of a special term. Any form clearly indicating the purpose of the circuit judge to appoint a special term, and using words adequate to convey such idea clearly, is sufficient to make the appointment a valid one. We think the language used in this order is sufficient to show clearly that it was the purpose of the circuit judge to hold a term of that court on the 10th day of October, 1859. It is true, he does not call it a special term of the court, nor was it necessary that he should so designate it. The law fixed its character as a special term, no matter what it might be called by the circuit judge. A misnomer by him could not vitiate the appointment. By calling it an adjourned, or postponed, or regular term, would not make it so. He might call it either, or by any other name, or not give it any designation, and it would still be a special term and nothing else. His attempt in the order to postpone or to supersede the regular term fixed by law, which should intervene between the date of his order and the time fixed for the special term, was simply void so far as its effect upon that regular term was concerned. That term was fixed by law, and whether held or not, was a regular term for the return of process and all other purposes dependent upon it as an event. Suppose this order had simply announced that a term of the Circuit Court would be held on the 10th of October, and that the next regular term would not be held, but that the

business thereof would be postponed to the term thus appointed, the legal effect would have been precisely the same as the first paragraph of this order, and would be a good appointment of a special term, if the judge had a right to appoint a special term beyond the regular term. Of his power to do this, we have no doubt. By the law, the circuit judges are authorized and required to appoint special terms whenever it may be necessary for the prompt and efficient administration of justice. The circuit judge must necessarily be the judge when such necessity exists. No matter how clearly it may be shown that he misjudged of the necessity, we cannot for that reason hold that the term was void. That is a collateral question which we cannot inquire into on appeal. If it is possible that the necessity could exist for a special term, after a succeeding general term, then he had a right to judge of that necessity, and to appoint the special term. How could he know, it is asked, that there would be any business left, after the general term should have been held, as required by law? It is true, he could never know with absolute certainty, either that the regular term would not be held, or that there would not be time to conclude all the business pending before the court. But he could certainly judge, with a high degree of probability, either from the prevalence of a pestilence at the place where the court should sit, or the state of his own health or that of his family, that the regular term would not be held; or from the amount of business·already pending in the court, and the time allowed by law for the term, he could form a very accurate opinion whether the business would all be concluded or not.

That portion of the order contained in the last paragraph, directing all process to be made returnable to this special term instead of to the regular term intervening, was unquestionably without authority and void, and must be treated as surplusage. It was the duty of the clerk, notwithstanding the instruction thus given him by the judge, inadvertently and without having carefully examined the statutes, to make all process issued before the time fixed by law for the regular term, returnable to that term, the same as if the judge's order had been silent on that subject.

We think there was a legally appointed special term, and that the court properly proceeded to dispose of the business before it.

The next objection to be noticed is, that the declaration, after having stated the value of the property, and that it belonged to the plaintiff, and the fact of conversion by the defendant, neglects, in the conclusion, to state any particular sum as the amount of damages. The conclusion is, " to. the damages of said plaintiff, and, therefore," etc. This objection is entirely

answered by the decision in the case of *Hargrave* v. *Penrod*, Breese, Appendix, 20. That was an action on the case against a sheriff. The declaration stated that the plaintiff had recovered a judgment against one Lamar, stating the amount. That a *fi. fa.* had been issued and delivered to the sheriff. That Lamar had property in his hands, out of which the amount might have been made, but that the sheriff had neglected to levy upon it, whereby the debt was lost, " to his great damage," but no amount of damage was stated. The court held the declaration sufficient, and affirmed the judgment.

Upon the trial, the plaintiff claimed title under a chattel mortgage, in which the property is described as " the steamer Phillips," while in the declaration, the property converted is described " a certain steamboat, called the ' William Phillips,' and a steam engine and boilers, and machinery, furniture and rigging thereon." And this discrepancy, it is insisted, is fatal to the plaintiff's right to recover from a purchaser from the mortgagor. This is an entire misapprehension of the law. The declaration is not upon the mortgage, so as to require an accurate description of every part of the instrument, so as to avoid a variance. The question was simply one of fact, as to the identity of the property. Was the proof such as to show that the mortgage was upon this property, and if so, was the defendant misled by the defective description of the property in the mortgage, so that he innocently purchased it, supposing it was not the property intended to be described in the mortgage? Any evidence fairly tending to illustrate this inquiry, was properly admissible on the trial. And when we consider the proof which was before the court, we cannot doubt of the correctness of the finding.

Several other questions of minor importance, and of a technical character, were presented upon the argument, which we do not think necessary to advert to particularly.

The judgment is affirmed.

*Judgment affirmed.*