## WORRELL V. WADE'S HEIRS.

1. Practice: EQUITABLE PROCEEDINGS: CROSS-BILL. The dismissal of the plaintiff's bill does not necessarily dispose of the defendant's cross-bill.

*Appeal from Des Moines District Court.*

MONDAY, OCTOBER 10.

THE facts are fully stated in the opinion of the court.

*Crocker & Smyth* for the appellants.

*Browning & Tracy* for the appellees.

LOWE, J.—The controversy between the parties is equitable in its character, and ended in a failure of the plaintiff to establish the charges in her bill; and the same was accordingly dismissed. The answer of the defendants was in the nature of a cross-bill, which was also dismissed, against the protest of the defendants, upon the ground that the dismissal of the original bill worked a discontinuance of the whole controversy. From this ruling of the court the appeal comes, and involves simply a question of practice; to apprehend which, as applicable to the case before us, a brief statement of the substance of the two complaints is pertinent. As preliminary thereto, however, it will be proper to state, that after the city of Burlington was laid out and platted by individual occupants, the government of the United States laid out, resurveyed and platted anew, said town site; in doing which, it is said, some of the original lots of the first survey were subdivided. At the land sales, the government sold said lots, as other public lands, to the highest bidder. Enoch Wade, long since deceased, purchased, at said sale, lot 12, the subject of this controversy, and paid for the same; one-half with his own money, the other with his father's (William Wade) money, and took the legal title to himself, holding one-

half of the same in trust for his father. This occurred prior to the year 1840. In that year, William Wade died. Soon thereafter, his son, Enoch, executed the trust in relation to said lot, by conveying the north half thereof to. Jesse B. Webber, the administrator of his father's estate. The administrator, under an order of the court, sold the same property to one G. F. Tallant, and he to one William Todd, and he, subsequently, to the plaintiff in this suit, all by the same description, namely, the north half of lot 12. Thus far, the facts are understood to be conceded. Now, the plaintiff is the former surviving consort and widow of Enoch Wade, and the defendants in this case are his legal heirs and representatives. She claims, in her petition, that the original size and dimension of lot 12 were 60x117 feet; that in virtue of the above conveyances, she is the legal and proper owner of the north half thereof, that is to say, 30x117 feet, but that by some confusion (not very clearly stated) in the subdivision and numbering of said lot, as lot 12–12a–12b, &c., by the commissioners appointed under the act of Congress to adjust preëmption claims, her title, as above claimed, became unsettled and embarrassed to some extent, and she asks the court to quiet and confirm in her the title to 30 feet by 117 of said lot, as above set forth, against the heirs of Enoch Wade, deceased. These heirs, in their answer, deny that lot 12 aforesaid, as purchased by Enoch Wade, of the government, was any larger originally than 30 feet by 117, and that the plaintiff's claim is limited to the north half of the same, being 15 by 117 feet; that the remainder is the rightful property of the estate of Enoch Wade. The evidence in the case clearly sustains the answer, and the plaintiff's bill was dismissed, from which no appeal was taken, or complaint made.

The defendants, besides denying the matters and things alleged in the bill of complaint, prefer certain charges against the plaintiff, in the nature of a cross-bill, and ask

for relief.   They say, just before his death, their father,

**1. PRAC-
TICE;
equitable
proceedings
cross-bill.**

Enoch Wade, made a will, appointing therein the plaintiff, then his wife, and Samuel Librick, executors of the same; that they were directed by said will to sell all of the real estate situated in Burlington, including the lot now in controversy, and apply the proceeds thereof to the support of. the family, and the education of the children; that this duty was not. performed, this particular lot was not sold, as enjoined, nor did the defendants receive that adequate support and education contemplated by the will of their father.   But that the plaintiff, confederating with Samuel Librick, her brother and co-executor, to defraud the defendants, refused to sell said lot, and apply the avails thereof as directed, and have unlawfully appropriated the same, with the rents and. profits thereof, to themselves, fraudulently concealing their conduct in the premises, and keeping the defendants in ignorance of their rights.   They. allege that the half lot in question is still the property of their father's estate, and should now come to them, by inheritance, as the lawful heirs thereof.   They ask that Librick shall be made a party to their cross-bill, that he and plaintiff shall come to account with them for the rents and profits of said property, which they have so long enjoyed; that a commissioner be appointed to take charge of, and sell said property, bring the proceeds thereof into court, for distribution under its order, &c.

To these charges a denial was pleaded, and in this condition of the pleadings, when the cause came on to be heard, the record shows that the court found no cause of action for the plaintiff, and dismissed her bill.   The defendant's cross-bill remained on the docket for several terms, and was then also dismissed without any hearing, because in the judgment of the court it was disposed of by the previous dismissal of the plaintiff's bill.   This is error.   Such

a consequence is a misconception. Whilst the matters of complaint set forth in the cross-bill are connected with the subject of the plaintiff's action, yet they have no such inherent foundation therein, as that they must fall to the ground, if the plaintiff should fail to make good the cause of her complaint. It is the policy of the law, as it is essential to the cause of justice, that all matters of difference between the parties should be settled in one controversy.

In the case before us, both parties complain, and both ask relief. A regular issue of fact is made up in the cross-bill, as well as the original petition. All the parties essential to the determination of the entire controversy are before the court; yet the plaintiff's charges are heard and determined, whilst those of the defendants are stricken from the docket without a hearing. We know of no rule in reason or equity that will justify such a practice, and we shall therefore reverse the order of the court dismissing the defendants' cross-bill, and remand the same for a hearing.

Reversed.