SPEARING v. CHAMBERS AND INGHAM.

Pleading: DISMISSAL OF ORIGINAL PETITION: EFFECT OF ON CROSS PETITION. Where a defendant, under section 2892 of the Revision, files a cross petiton against his co-defendant, the subsequent dismissal of the original petition will not necessarily operate to dismiss the cross petition.

*Appeal from Scott District Court.*

THURSDAY, JUNE 18.

EFFECT ON CROSS PETITION OF DISMISSING ORIGINAL PETITION. — Spearing filed his bill, in equity, making William Chambers and S. R. Ingham defendants thereto. He alleges, in substance, that he and the two defendants above named were partners in a contract made in 1863, to furnish the United States with two hundred horses for the Seventh Iowa cavalry regiment; that they were to share equally in the profits and losses of the undertaking; that they all entered upon the performance of the contract and furnished the horses, and made the sum of $3,000 profits, and which are retained by the defendants, Chambers and Ingham, and of which the plaintiff is entitled to the one-third share, to wit, $1,000, which defendants, though requested, refuse to pay. Whereupon he prays an accounting and decree for the share or sum legally and equitably due him.

The defendant Chambers appeared and filed a pleading (calling it a " cross-bill ") against his co-defendant, Ingham, and stated, in substance, that he and Ingham " were copartners in the business of furnishing *the horses aforesaid* and in *filling the aforesaid contract;* " that Ingham was to furnish Chambers with the money wherewith to fill the contract, and that Chambers was to do

the labor; that the profits amounted to the sum of $2,782, of which Chambers is entitled to one-half, but of which Ingham has only paid him one-third; that Ingham refuses to account with him, Chambers, whereupon he prays for an accounting and a decree, etc.

In a second count Chambers sets forth another contract in which the parties, viz., Chambers and Ingham, were interested as partners, and praying for an accounting and settlement. This contract is not averred to have any relation, or to be in any wise connected with the one mentioned in the petition or bill of Spearing.

The defendant Ingham demurred to this cross petition or cross-bill of Chambers; and this demurrer was sustained by the court upon the fourth ground thereof, which was, that the plaintiff (Spearing) had dismissed his bill. To this ruling Chambers excepted and appeals.

*Brown & Sully* for the appellant.

*Davison & True* for Ingham.

DILLON, Ch. J.—Whether the plaintiff had dismissed his petition was a controverted fact, and one which it is obvious could not be decided on the demurrer. If the dismissal of the petition of Spearing would be good ground for dismissing the cross petition of Chambers against Ingham, the question should, inasmuch as the fact of the dismission of Spearing's bill was controverted, have been made by motion; the more so, as the *record* did not show that Spearing's bill had been dismissed.

PLEADING: dismissal of original petition: effect on cross petition.

But the substantial point ruled by the court below was, that the dismissal of the original petition of Spearing (the court assuming or acting upon the fact of such dismissal) necessarily operated to dismiss the cross peti-

tion of Chambers against Ingham, the first count of which related to the same contract which was made the basis of the original petition. In thus holding, the District Court erred.

This exact case is provided for by section 2892 of the Revision, which is: "When a defendant has a cause of action, affecting the subject matter of the action, against a co-defendant, or a person not a party to the action, he may make as his answer a cross petition against the co-defendant or other person. * * The cross petition shall not delay the original action, when a judgment can be rendered thereon which will not prejudice the rights of the parties to the cross petition." See also Rev. § 2880, cl. 5; § 2884. The matters set forth in the first count of the cross petition affected the subject matter of the action, and it is our judgment that it was the right of Chambers to have this portion of the cross petition retained, even if it were true that after such cross petition had been filed, Spearing had dismissed his original petition.

The rights set up by Chambers did not necessarily depend upon the establishment by Spearing of the truth of facts stated in his petition.

In support of these views, see *Worrell* v. *Wade's Heirs*, 17 Iowa, 96; *King* v. *Thorp*, 21 id. 67; *Sharp* v. *Pike's Admr.*, 5 B. Mon. 155; *Wickliffe* v. *Clay*, 1 Dana, 585; *Bank* v. *Rose*, 1 Rich. Eq. 292; *Frost* v. *Myrick*, 1 Barb. 362.

For the error of the court in sustaining the demurrer to, and in dismissing, the cross petition, its judgment is reversed and the cause remanded.

Reversed.