## Case No. 1,810.

BRANDON MANUF'G CO. v. PRIME et al.

[14 Blatchf. 371; 3 Ban. & A. 191.][1]

Circuit Court, D. Vermont. Jan. 2, 1878.

EQUITY—PLEADING—DEMURRER—RELIEF NOT COGNIZABLE—CROSS-BILL—WHEN PROPER—PARTIES.

1. Where a person commences a suit in equity in this court, and the defendant in such suit files a cross-bill against him, in this court, he cannot set up, as a ground of demurrer to such cross-bill, that a state court had acquired prior jurisdiction, on a bill brought in that court, for the same relief, by the plaintiff in such cross-bill.

2. Where a demurrer to the whole of a bill sets up that some of the relief prayed is not cognizable in equity, it will be overruled, if some of the relief prayed is properly prayed.

3. A cross-bill is properly filed to establish an equitable title to letters patent, the legal title to which is in the plaintiff in the original bill filed for an infringement of such patent.

[Cited in Stonemetz Printers' Machinery Co. v. Brown Folding Mach. Co., 46 Fed. 852.]

4. Where a cross-bill, brought for relief as well as defence, shows that persons not parties to the original bill are necessary parties to the cross-bill, they may properly be made such.

[Cited in McComb v. Chicago, St. L. & N. O. R. Co., 7 Fed. 428.]

[In equity. Bill by David W. Prime and others against the Brandon Manufacturing Company for infringement of letters patent No. 14,119, dated January 15, 1856, No. 24,162, dated May 24, 1859, No. 25,148, dated August 16, 1859, issued to Francis M. Strong and Thomas Ross, and No. 35,348, dated May 20, 1862, issued to John W. Howe, assignee of Strong & Ross, for improvements in weighing scales. The defendant claimed ownership of the patented inventions, and filed a cross-bill for a conveyance of complainants' title, and for other relief. Complainants demurred to the cross-bill, and the demurrers were overruled.]

Aldace F. Walker and Chauncey Smith, for orators.

Wheelock G. Veazey and Henry De Hyde, for defendants.

WHEELER, District Judge. This cause has been heard on the several demurrer of defendant Strong, and joint demurrer of defendants Prime, Meacham and Luce, to the cross-bill. The causes of demurrer assigned are the same in each. They are, in substance, that this court has not jurisdiction, because the court of chancery of the state had acquired prior jurisdiction, on a bill brought by the orator in the cross-bill, there, for the same relief; that some of the relief prayed is not cognizable in equity; that some of the subjects of the cross-bill are not the same as those of the original bill; and that Strong and another, made parties to the cross-bill, were not parties to the original bill. Both are demurrers to the whole bill.

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge; reprinted in 3 Ban. & A. 191; and here republished by permission.]

The orators in the original bill commenced the litigation involved in this court, and compelled the orator in the cross-bill to come here and join in it. Having brought it here they have no right to say that the whole or any part of it belongs anywhere else. If the cross-bill is appropriate to the original, it must relate to the subjects of it and embrace a part, at least, of the litigation introduced by it, so that, by filing the cross-bill, the orator in that has merely met those in the original where called upon by them to meet them. For this reason, a plea of jurisdiction in another court is not a good plea to a cross-bill. 2 Daniell, Ch. Pr. (4th Am. Ed.) 636; Welf. Eq. Pl. 229; Newburg v. Wren, 1 Vern. 220. And, for the same reason, it is not necessary to show, in a proper cross-bill, that the relief sought by it is cognizable in equity. Story, Eq. Pl. § 399. It has not been claimed in argument, and could not successfully be claimed, but that this cross-bill relates to the subject of the original in some respects, nor but that some of the relief prayed in the cross-bill is properly prayed. And it follows, that some of it is proper to be answered, in some form, by some of the parties; and, that some of it may not be, is no good reason for not answering what should be answered. As the demurrers are to the whole, and a part, clearly, should be answered, and the demurrers must be overruled or sustained as a whole, as to the causes relating to jurisdiction and relief, they must be overruled.

So far as the defendants Prime, Meacham and Luce are concerned, it would be sufficient to say, as to the other causes of demurrer, that, because other parties are improperly called upon to answer the cross-bill in this form, is no good reason why they, who are properly called upon to answer it, should not do so. But, if the others are properly called upon to answer it, a fortiori, they are, and should answer it.

The question hereupon is, merely, whether the cross-bill should be answered at all or not by these other parties. That depends, of course, upon whether the subjects of it are so presented here by it, that they are properly called upon to answer it, in the form in which they are presented. The original bill sets forth, in substance, that the orators in that have a patent that the orator in the cross-bill is infringing, and prays appropriate relief. The cross-bill sets forth, that the defendant Strong had the record title to the patent, and the orator the equitable title to it, and that the orators in the original bill acquired Strong's title, with notice of the outstanding equity, and were endeavoring to assert it against the equitable title, and prays restraint and a conveyance. It is, unquestionably, the proper office of a cross-bill to afford relief in such a case, if the case is made out. Story, Eq. Pl. § 391; Calverley v. Williams, 1 Ves. Jr. 210. A cross-bill is like an original bill, except that it must rest on what is necessary to the defence of an original bill. In an original bill, brought by the orator in the cross-bill, for the same relief, there could be no fair question but that these new parties, of whom Strong is one, would be proper parties. In this original bill, as it is framed, these do not appear to be necessary parties, but, when the facts set up in the cross-bill appear, they become so. Following the ordinary rule, when the orator in the cross-bill resorts to it for defence and relief, and makes it appear that they are not only proper but necessary parties to the litigation, that orator not only might, but ought, to make them parties. If there were no authorities and was no practice on the subject, on principle, that would seem to be the proper course. That the practice in this state, which professes to follow the English chancery practice, the same that is followed in this court, would warrant making him a party, is well known, and appears in the state reports. Blodgett v. Hobart, 18 Vt. 414. It does not appear expressly, from such English reports or text-books as have been examined, what the actual practice in such cases there has been. In this country, in Curd v. Lewis, 1 Dana, 351, a decree was reversed, for the reason that an assignor of the subject of litigation in an original and cross-bill was not a party to either, and should have been made a party to the cross-bill, and that he might be made such a party. Wickliffe v. Clay, Id. 585, was heard by consent only, without making a party that by the cross-bill appeared necessary, a new party by the cross-bill. In Sharp v. Pike, 5 B. Mon. 155, a new party was added by cross-bill, against his own express objection. In Walker v. Brungard, 13 Smedes & M. 723, new parties were added, and new matters brought in, by cross-bill, and heard without objection. In disposing of the case, the chancellor, delivering the opinion of the court, said, that, if they had been objected to, the new matters would all have been kept out, without saying that the new parties would have been. In Coster v. Bank of Georgia, 24 Ala. 37, it was expressly held that new parties should be added by cross-bill, when so interested in the litigation involved by it, as to be proper parties to it.

Opposed to all this, there is the remark of Mr. Justice Curtis, in Shields v. Barrow, 17 How. [58 U. S.] 130, and the reasons given by him in support of it, to the effect, that new parties cannot, in any case, properly be added by cross-bill, without citing any authority for it, and books and cases that have followed that remark without citing any other authority. That precise question was not involved in that case, but the mere dictum of such a judge of such a court would ordinarily be followed, especially by lower courts. An examination of his reasoning shows, that he made the suggestion without much examination, probably, and his reasoning does not cover the whole ground as to all classes

of cases. The modes of procedure he suggests would probably be ample in all cases of cross-bills brought for discovery in aid of a defence merely to the original bill, but not in cases of those brought for relief as well as defence, where new parties would be necessary to the relief sought. As in this case, the methods he states as the proper ones, if successfully followed, would enable the defendant in the original bill to defeat the orator therein, but not to reach the affirmative relief prayed in the cross-bill, if entitled to it. Weighty as that remark is, it is not thought to be sufficient to control the reasons and authorities to the contrary of it. The result of what is thought to be the soundest reasoning, and the best considered authorities, is, that, where a cross-bill shows that there is a party to the subjects of the litigation as presented by it, who has not been before made a party nor appeared to be a necessary one, and then does appear to be such, that party should be brought in by the cross-bill.

The result is, that this cross-bill should be answered by all those made defendants to it. The demurrers are overruled, and it is thereupon ordered that the defendants to the cross-bill answer over.

[NOTE. For decree dismissing the bill and cross-bill on final hearing, see Prime v. Brandon Manuf'g Co., Case No. 11,421.]