### 7831

### STATE v. DAVIS.

1. SPECIAL TERMS OF COURT.—THE GOVERNOR has authority, under section 2744 of the Code of 1902, to order a special term of the Court of Sessions upon the recommendation of the solicitor, and of the Common Pleas upon the recommendation of the majority of the bar, and to appoint to hold such extra term a man learned in the law suggested by the Chief Justice of this Court.

2. IBID.—NOTICE.—It is not necessary that formal notice of a special term called by the governor be published by the clerk over his signature.

3. MURDER.—THE EVIDENCE here was sufficient to connect the defendant with a concocted scheme to commit several murders and the evidence as to them was competent.

4. IBID.—CHARGE.—That the trial Judge said in admitting certain evidence, it was let in to show the animus of defendant toward deceased, and he would so instruct the jury in his charge, which he neglected to do, is not fatal error as the jury must have understood from the rulings and charge that they should not convict unless defendant was found guilty of the crime charged in the indictment.

5. REHEARING refused.

Before J. H. MARION, Special Judge, Laurens, October, 1910. Affirmed.

Indictment against James Davis for the murder of Ida Nelson. Defendant appeals.

*Mr. W. B. Knight* for appellant.

*Solicitor R. A. Cooper,* contra.

The opinion in this case was filed March 4, but held up on petition for rehearing until

March 18, 1911. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES.    At the Summer term, 1910, of the Court of General Sessions for Laurens county, the defendants Claude Ferguson and James Davis were indicted for the murder of Ida Nelson on the 27th day of March, 1910.    Davis was tried alone by his Honor J. H. Marion, presiding Judge and a jury at the special term of the Court of General Sessions for Laurens county October, 1910, upon said indictment, and was found guilty.

Motion was made in arrest of judgment upon two grounds: 1st. That the special Judge was without jurisdiction to pass sentence, because the extra or special term of Court, at which defendant was tried, was ordered by the Governor of the State and not by the Chief Justice as required by law.   2d. Because no legal notice or advertisement thereof was given by the clerk of court as required by law.    The motion was overruled and defendant was sentenced to be hanged on the 9th day of December, 1910.

Defendant now renews his point that the Court was illegally constituted and the sentence void.

The facts upon which the contention is based are thus stated in the case: "That said special or extra term of Court was ordered by his Excellency M. F. Ansel, Governor of the State of South Carolina, upon the petition of the Honorable R. A. Cooper, solicitor of the Eighth Circuit, and not by the Chief Justice of the Supreme Court of the State of South Carolina.

"That no formal notice of the holding of said Court was published by the clerk of the Court in any newspaper, but the published notice was what appeared as a news item and not signed by any one."

The authority for the ordering of a special term and the appointment of a special Judge is derived from article V, section 6 of the Constitution and the statutes pursuant thereto.    So much of article V, section 6 of the Constitution as is relevant to the question is as follows: "The General

Assembly shall provide by law for the temporary appointment of men learned in the law to hold either special or regular terms of the Circuit Courts whenever there may be necessity for such appointment."

The existing statutes on the subject are as follows: 2 Code 1902, section 28. "Special sessions of the Courts of Common Pleas or General Sessions may be held whenever so ordered either by the Chief Justice or by the Circuit Judge at the time holding the Circuit Court of the county for which the extra term may be ordered, of which extra term such notice shall be given as the Chief Justice or the Circuit Judge so ordering the same may direct. If such extra term of either or both the Courts aforesaid be ordered by the Chief Justice he may order any one of the Circuit Judges to hold the same, but if such extra term be ordered by a Circuit Judge, as hereinbefore provided, then such extra term shall be held only by the Circuit Judge so ordering the same, etc. The clerk of such Court shall at least fifteen days before the commencement of such special session cause the time and place for holding the same to be notified, for at least two weeks successively, in one or more of the newspapers published nearest the place where the session is to be holden, etc. Said special session shall be held in pursuance of an order which shall be transmitted to the clerk of court, and by him entered on the records of the Court."

1 Code of Laws, section 2743, provides: "Whenever any Circuit Judge, pending his assignment to hold the Courts of any Circuit, shall die, resign, be disabled by illness, or be absent from the State, or in case of a vacancy in the office of Circuit Judge of any Circuit, or in case the Chief Justice or presiding Associate Justice of the Supreme Court shall order a special Court of Common Pleas and General Sessions, or Common Pleas, or General Sessions, in any county in this State, upon a satisfactory showing that such special Court is needed, the Chief Justice or presiding Associate

Justice may assign any other Circuit Judge disengaged to hold the Courts of such Circuits, or to fill any appointment made necessary by such vacancy, or to hold such special Court; and in the event that there be no other Circuit Judge disengaged, then the governor, upon the recommendation of the Supreme Court, or the Chief Justice thereof if the Supreme Court be not in session shall immediately commission as special Judge such person learned in the law as shall be recommended to hold Courts of such Circuit or to hold such special Court for that term only, etc."

Section 2744 provides: "Upon the application to the governor by the solicitor of any Circuit, stating that the public interest demands an extra term of the Court of General Sessions in any county of the State or upon the application of the majority of the members of the bar of any county, stating that the civil business demands an extra term of the Court of Common Pleas, it shall be the duty of the governor to appoint some man, learned in the law, and to be suggested by the Chief Justice of the Supreme Court of the State, to hold an extra term of said Court or Courts in said county, and notify the clerk of said Court of said appointment."

Section 2745 provides: "When notified of such appointment the clerk of the said Court shall notify the proper authorities, and the grand jury shall be summoned to attend, if it be a Court of Sessions, and a petit jury shall be drawn and summoned, if jury cases are to be tried, in the regular manner, for the purposes of said Court, and as the same may be necessary, and the clerk shall notify said special Judge of the time fixed for holding said special term of Court."

The constitutionality of these statutes is not assailed in this case, but there is no room whatever to doubt the plenary power of the legislature to provide for special terms of Court and the appointment of special Judges to preside over special or general terms, as has been done in the statutes

208  STATE v. DAVIS.

quoted.   The contention is that the power to order a special term is exclusively judicial, vested in the Chief Justice under section 28 first above quoted, and that section 2743 harmonizes with such view.   It is quite true that under sections 28 and 2743 the governor has no power whatever to commission a special Judge not recommended by the Supreme Court, or the Chief Justice, if the Supreme Court be not in session.   The governor's duty to issue a commission to the appointee of the Supreme Court or Chief Justice is purely ministerial.   He has no discretion whatever to ignore or set aside the Court's recommendation and is bound to issue the commission, precisely as he would be bound to issue a commission to a Judge elected by the General Assembly.

Should the governor undertake to issue a commission to a person not recommended by the Supreme Court or Chief Justice, the commission would be void, and any Court attempted to be held by the person so commissioned would be *coram non judice.*

The appointment of a special Judge to preside over a special or regular Court is not essentially and intrinsically an executive function, within the classification of legislative, executive and judicial powers, under article I, section 14 of the Constitution, but may be regulated by statute.   *Mayor of Baltimore* v. *Board of Police,* 15 Md. 572, 74 Am. Dec. 572; *People* v. *Freeman,* 80 Cal. 233, 13 Am. St. Rep. 122 and note 125; *Fox* v. *McDonald,* 101 Ala. 51, 46 Am. St. Rep. 98; *State* v. *George,* 22 or 142, 29 Am. St. Rep. 586; *Sinking Fund Coms.* v. *George,* 104 Ky. 260, 84 Am. St. Rep. 454; *Overshiner* v. *State,* 156 Ind. 187, Am. St. Rep. 187.   The weight of authority and reason is against the contrary view expressed in *State* v. *Washburn,* 167 Mo. 680, 90 Am. St. Rep. 430, as shown by the cases cited in the note at page 439.

This brings us to section 2744 under which Governor Ansel acted in ordering the special term in question.   This section, as we construe it, makes it the duty of the gov-

ernor to order a special term upon the existence of certain conditions, viz., the application of the solicitor stating that the public interest demands an extra term of the Court of General Sessions in any county of the State, or upon the application of the majority of the members of the bar of any county stating that the civil business demands an extra term of the Court of Common Pleas, and just as imperatively the governor is required to appoint as special Judge the person learned in law suggested or recommended by the Chief Justice. An appointment of any person as special Judge without the suggestion of the Supreme Court or Chief Justice under this section would be void, as in the case of an appointment under section 2743, without the recommendation of the Supreme Court or Chief Justice.

The case states that application for the ordering of the Court was made by the solicitor which was in compliance with the requirement of the statute, but does not state that Hon. J. H. Marion was recommended for appointment as special Judge by proper authority, but the presumption would be that the governor did his duty and that such recommendation by the Supreme Court or Chief Justice had been made. This Court, however, knows that Hon. J. H. Marion was duly recommended to Governor Ansel by the Chief Justice for appointment as special Judge to hold said special Court. Hence our conclusion is that the Court was ordered and the special Judge appointed and commissioned by due authority of law.

The question is whether the failure of the clerk to publish formal notice of the Court in a newspaper vitiates such Court. We are bound to presume, in the absence of anything to the contrary, that the requirements of section 2745 above quoted were complied with, that the proper authorities were notified by the clerk, that the grand jury was summoned to attend, that the petit jury was drawn and summoned, in the regular manner, and the

14—88

special Judge was notified of the time fixed for holding said special term of Court.

The statute does not prescribe that any formal notice of the special Court ordered under section 2744 shall be published in a newspaper. The requirement as to publication of a special Court ordered by the Chief Justice under section 28 *supra* does not apply to the special Court ordered under section 2744. It is sufficient notice and publication if compliance be made with section 2745, and it is not contended that there was any noncompliance with its provisions. Appellant's exceptions to the jurisdiction of the Court to try and sentence him are overruled.

The first and second exceptions assign error in admitting testimony as to the killing of Tony Leaman and of Alexander Ray, when the indictment alleged the killing of Ida Nelson. The testimony submitted was to the effect that Tony Leaman and Ida Nelson were shot at the house where Ida Nelson lived at the same time and that Alex. Ray was shot about one hour later and about one mile distant the same night. That Claude Ferguson and defendant Davis were together the evening of the homicide and that Davis wanted to borrow a pistol from Mack Harris stating that he was in trouble because Alex. Ray had taken his wife to Popular Springs; that thereafter a gun was produced and that night Claude Ferguson and defendant Davis went to the house of Ida Nelson, with whom Claude Ferguson was intimate, and that Davis called Ida and when the door was opened he went in and Ferguson followed having the gun and immediately shot Tony Leaman and then instantly shot Ida Nelson in her bed and again shot her as she attempted to flee from the house. There was testimony that Davis voluntarily admitted to John D. Owings, sheriff, that shortly after Ferguson and Davis left the place Davis said to Ferguson: "Now you have done your work, you can go with me to do my work;" that the defendant proceeded to Alex. Ray's house and Ferguson

called Ray out and Davis, who had the gun, shot and killed Ray. Davis admitted to Sheriff Owings that he shot Ray, but at Ferguson's command.

These circumstances were sufficient to connect Davis with all the homicides as a part of a connected scheme of murder and render the testimony competent.

From what has been said it appears that there was testimony to sustain the allegation that defendant Davis killed Ida Nelson, as it appears that he was present aiding and abetting. All persons present aiding and abetting a murder are regarded as principals and equally guilty. *State* v. *Fley,* 2 Brevard 338; *State* v. *Putman,* 18 S. C. 178; *State* v. *Hunter,* 79 S. C. 75, 60 S. E. 240. The foregoing statements require that the third, fourth and fifth exceptions be overruled.

When the Court admitted the testimony as to the killing of Toney Leaman and Alexander Ray, he stated that it was for the purpose of showing the animus of Davis with respect to the killing of Ida Nelson, and that he would so instruct the jury and failed to do so. It is contended that this was error. While this specific statement was not made to the jury in the charge, it was manifest to the jury by the ruling of the Court and the charge as a whole that Davis should not be convicted unless he was found guilty of the crime charged in the indictment.

No doubt the omission to charge specifically on that point was a mere inadvertence, and was not deemed of sufficient importance by defendant's counsel to cause him to call the Court's attention to the omission.

The judgment of the Circuit Court is affirmed and the case remanded for the purpose of assigning another day for the execution of the sentence of the Court.

Petition for rehearing was duly filed in this case and refused by order of date March 18, 1911.