## STATE v. LOUIS ALFRED.

### May Term, 1913.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, AND POWERS, JJ.

Opinion filed October 13, 1913.

*Courts—Special Terms—Power of Legislature to Provide—Jurisdiction—Constitutional Law—Due Process of Law—Conviction at Special Term—Validity.*

The Legislature has power to determine the number of and the time for holding regular terms of the courts and to provide for special terms, the ordering of the same, and the nature of the business to be transacted thereat, since the only constitutional provision regarding that matter is chapter 2, §4, requiring courts to be maintained in every county in the State, and providing that justice shall be impartially administered therein without corruption or unnecessary delay.

The fact that the substance of a statute has been in force and unquestioned for more than a century is a strong argument that it is valid.

The Legislature had power to enact P. S. 1359, giving the presiding judge of a county court authority to call a special term thereof for the trial of criminal cases.

The fact that the business of a special session of a county court, called pursuant to P. S. 1359, is limited to the trial of criminal causes does not affect the quality of the session, which is a session of the county court and, within the statutory limits, has the same jurisdiction and authority as a regular term in respect of criminal causes begun thereat as well as those already pending.

Where the order for a special term of county court, pursuant to P. S. 1359, was made at the request of the state's attorney representing the interests of the State, the question of the necessity of notice to the public, giving opportunity to be heard on the question of making the order, cannot be raised.

Persons accused of crime are not entitled to be heard on the advisability of calling a special term of the county court pursuant to P. S. 1359, for the trial of criminal causes, nor can the discretion of the presiding judge of a county court in calling such term be reviewed by this Court.

If the presiding judge of a county court is within the State when he calls a special session of that court for the trial of criminal causes, pursuant to P. S. 1359, he has jurisdiction to do so, regardless of whether he is then in the particular county.

The filing of the order calling a special term of a county court, pursuant to P. S. 1359, for the trial of criminal causes is sufficient notice to all parties, and any form of order clearly indicating the purpose of the presiding judge to order such a term to be held at a designated time is sufficient.

The fact that the presiding judge is unable to be present at the opening of a special term of a county court, called pursuant to P. S. 1359, for the trial of criminal causes, does not invalidate the term, where the assistant judges opened the court and adjourned it from time to time.

COMPLAINT for knowingly receiving and concealing stolen property, filed at the Special Term of Chittenden County Court begun on December 16, 1912. Before pleading otherwise, the respondent moved that the information be quashed and that the court take no further cognizance thereof, as the court had no authority to demand a plea to the information or to hear and determine the cause, for that a proper application had not been made for the calling of the special term; for that at the time of calling the special term there was no necessity therefor, as this prosecution had not then been begun; for that respondent had no opportunity to be heard on the advisability of calling the special term; for that the order for the special term was made at Woodstock in the county of Windsor; for that there was not then in attendance a legal and competent array of petit jurors to try respondent, in that the jurors in attendance were not legally ordered nor properly drawn, and neither respondent nor his counsel, nor any others having business at the special term had any notice of the drawing of said jurors; and for that to force respondent to trial at the special term would be in violation of the Fourteenth Amendment of the Federal Constitution. Motion overruled, to which respondent excepted, and thereupon, without waiving that exception, entered a plea of guilty. Judgment and sentence on that plea, subject to the objection and exception of the respondent.

It appeared that the application for a special session of Chittenden County Court, referred to in respondent's motion,

was made over the telephone by the state's attorney of Chittenden County on the evening of December 13, 1912, to the Superior Judge who presided at the regular September term, 1912, of that court, and who was then at Woodstock, Vt.; that in so applying said state's attorney stated that he had already started prosecution of respondent and others in the Burlington city court for knowingly receiving and concealing stolen property, and that in his judgment the public good demanded that those cases be tried at a special session of Chittenden county court to be convened as soon as possible; that thereupon said Superior Judge at Woodstock, Vt., made and signed the following order, which was filed with the clerk of Chittenden county court on December 16, 1912: "It having been made to appear that the public good will be served by convening a special session of Chittenden county court in order to expedite the trial of criminal cases in said court, therefore, by virtue of the authority vested in me by law as presiding judge of said court, I hereby order that a special session of Chittenden county court be opened for the trial of criminal cases at the county court house in Burlington in said county on the 16th day of December, 1912, at two o'clock in the afternoon."

The jurors for the special term were drawn pursuant to Chapter 72, of the Public Statutes, as amended by No. 82, Acts 1912. No notice was given of the drawing of the petit jury, nor any opportunity given for persons interested to be present at the drawing of the jury. The special session opened on December 16, 1912, with only the assistant judges on the bench. The information in this case was then presented in court by the state's attorney for Chittenden County, and bail was fixed by the assistant judges, who then adjourned court to a day certain, and did the like on several other occasions until January 27, 1913, when respondent appeared in court and was compelled to plead, as above stated, *Taylor*, J., presiding.

*V. A. Bullard* and *M. G. Leary* for the respondent.

*Theodore E. Hopkins,* State's Attorney, and *Henry B. Shaw* for the State.

WATSON, J. The State Constitution (Chap. II, Sec. 4) provides that courts of justice shall be maintained in every county

in this State, and shall be open for the trial of all causes proper for their cognizance; and justice shall be therein impartially administered, without corruption or unnecessary delay. It contains no provision more particularly regulating or fixing the terms of court, or the times of holding the same. This being so, it was within legislative power to determine the number of, and times for, stated or regular terms in each county; and in the exercise of this power, it was also within the province of the Legislature to make such provisions for special terms, the ordering of the same, and the nature of the business to be transacted thereat, as in its judgment the public welfare may require. *State* v. *Williams*, 2 McCord, 301; *State* v. *Hallman*, (S. C.) 60 S. E. 682; *State* v. *Davis*, 88 S. C. 204, 70 S. E. 417; *Banks* v. *Commonwealth*, 145 Ky. 800, 141 S. W. 380. See *Thorwarth* v. *Blanchard*, 87. Vt. 38, 87 Atl. 52.

The statute provides that, "The presiding judge of the county court may, in his discretion, at any time, order a special session of such court for the trial of criminal cases." Substantially the law of this section has existed by statute for more than a century, and there is no case to prove that an attack upon its validity has ever before been made,—affording strong argument that such an attack can not successfully be made.

It was within legitimate legislative action to confer the power to call such special sessions upon the presiding judge of the county court. *Barber* v. *State*, 13 Fla. 675; *Bass* v. *State*, 17 Fla. 685; *Merchant* v. *North*, 10 Ohio St. 251; *Hardin* v. *State*, 38 Tex. 598; *Grinad* v. *State*, 34 Ga. 270; *Spann* v. *State*, 47 Ga. 553; *Banks* v. *Commonwealth*, cited above.

It is said that since by section 1359 of the statute, the action of the court in such special session is limited to criminal matters, a tribunal different from the one contemplated by the chapter of which that section is a part, is created. But this position is untenable. As before observed, provisions for such special sessions are made in the interest of the public welfare; and limiting the causes to be there heard and determined, to those of a criminal nature, may be considered in keeping with the constitutional right of persons charged with criminal offences, to a speedy public trial. Yet whether the powers of the court are general, as at the regular terms, or limited, as by the statute in question, the session is a term, though not a regular term, of the county court, and within the statutory limitation

the court has the same jurisdiction and authority as at a regular term. *State* v. *Williams*, cited above; *Penman* v. *Commonwealth*, 141 Ky. 660, 133 S. W. 540; *Bales* v. *State*, 63 Ala. 30; *Wilson* v. *State*, 52 Ala. 299. Not only may pending criminal cases be there heard, but causes of this character may be there commenced and determined. *Penman* v. *Commonwealth; State* v. *Register*, 133 N. C. 746, 46 S. E. 21.

It is further said, (1) that the statute makes no provision for a hearing, public or otherwise, upon the question of whether there should be a special session; (2) that the ordering of such a session is a matter in which the public, and those having business therein, are interested, and should have an opportunity to be heard; and (3), that there is no provision by which notice is to be given to the public, or to those interested as having business at such session, of the time when the session will open and business therein begin;—by reason of all which a court convened pursuant to section 1359, is not a court of justice under the Constitution, and a trial by such court would not be in accordance with the law of the land,—relying upon Chap. I, Sec. 10, and Chap. II, Sec. 4, of the State Constitution and upon the 14th Amendment of the Federal Constitution.

In this instance, the order for the special session was made at the request of the state's attorney of the county, representing the interests of the State, hence the question of necessity of notice to the public, giving an opportunity to be heard on the question of making the order, is not in the case.

So far as the rights of the respondent are concerned, no one of the three positions above taken is sound. The authority of the presiding judge, in his discretion, to order a special session, does not by statute depend upon the desire of persons accused of crime, or to be tried, and they are not, in law, entitled to be heard on the advisability or necessity of such a session. *Collier* v. *State*, 20 Ark. 36. Nor is the discretion thus exercised by the presiding judge subject to review in this Court. *Mattingly* v. *Darwin*, 23 Ill. 618; *Grant* v. *State*, 62 Ala. 233; *Commonwealth* v. *Graves*, 18 B. Mon. 33. Nor was it necessary that the presiding judge should be in the county at the time of making the order. He was within the State and within his jurisdiction to act upon such a question.

The order was filed in the office of the clerk of the court before the opening of the special term. This was sufficient

(*Grant* v. *State*), and all parties were bound to take notice thereof. *Sharp* v. *Pike,* 5 B. Mon. 155; *Collier* v. *State,* cited above. In the absence of statutory requirements in this respect, nothing more was necessary. In *Penman* v. *Commonwealth,* before cited, the court said it was eminently proper for the court to give notice of the special term to the appellant, and the fact that his case would be taken up, so he might prepare his defence, although the failure to give such notice would not, in the absence of any other reason, constitute error. *Harman* v. *Copenhaver,* 89 Va. 836, 17 S. E. 482.

It is argued that the order should show the causes to be tried and the names of the persons to be put on trial. This is inconsistent with the rule that the court has the power at such term to take cognizance of cases not pending when the order was made, and it is not required by statute. The law prescribes no set form to be used in appointing a special term, and any form, clearly indicating the purpose of the presiding judge to order such a term at a time stated, and using words adequate to convey that idea, is sufficient to make the order a valid one. *Mattingly* v. *Darwin,* cited above; *Peeples* v. *State,* 46 Fla. 101, 35 So. 223, 4 Ann. Cas. 870.

The fact that the presiding judge was unable to be present, and was not present, at the opening of the special session, does not invalidate the term. The assistant judges had the power to open the court, and to keep it adjourned from time to time, as was done.

*Judgment that there was no error in the proceedings, and that the respondent take nothing by his exceptions. Let execution be done.*