E. E. PORTER and JOHN PORTER, Doing Business as a Co-partnership, Under the Name and Style of PORTER CONSTRUCTORS, *Plaintiffs in Error*, v. FRANK E. SPRAGUE, *Defendant in Error.*

En Banc.

Opinion filed February 15, 1930.

Petition for rehearing denied March 26, 1930.

*Marks, Marks & Holt* and *Joseph S. White*, for Plaintiff in Error;

*M. D. Carmichael* and *R. K. Lewis,* for Defendant in Error.

PER CURIAM.—This case is here on writ of error to a judgment in favor of Frank E. Sprague against E. E. Porter and John Porter as co-partners.

Of the numerous assignment of error the fortieth is well taken for the following reason. The plaintiff may recover only upon the case made by his declaration. When the declaration states a cause of action and the parties go to trial upon appropriate pleas and the evidence supports the case as made by the declaration the plaintiff is entitled to recover. If the evidence does not support the declaration but does show the existence of a meritorious cause of action the plaintiff cannot recover. See Parris v. Pensacola & A. R. Co., 28 Fla. 251, 9 So. R. 696; Ingram-Dekle Lumber Co. v. Geiger, 71 Fla. 390, 71 So. R. 552, Ann. Cas. 1918 A, 971n.

Where the declaration states no cause of action there can be no recovery by the plaintiff. In this case the declaration wholly fails to state a cause of action. Such, at least, is the declaration which is certified to this Court. The failure to state a sum as damages at the conclusion of the declaration is technical and may be taken advantage of only in the court below and is cured after verdict. See Mattingly v. Darwin, 23 Ill. 618; Bartlett v. Odd Fellows' Savings Bank, 79 Cal. 218, 21 Pac. R. 743; Hargrave v. Penrod, 1 Breese & Beecher (Ill.) 401; Kennedy v. Woods, 3 Bibb. (Ky.) 322; Digges v. Norris, 3 Hen. & Mun. (Va.) 268.

No claim for any sum of money as damages accruing to the plaintiff by reason of the injuries alleged is made in the declaration and while under the rule above announced such defect is cured by verdict or may be raised only in

the trial court because the claim for a specific sum as damages is formal and technical no such rule obtains as to material or essential parts of the declaration which are necessary to the statement of a cause of action.

The declaration in this case alleges that the plaintiff was an employee of the defendant, and while he was in such employment he was injured by the negligence of other employees who threw upon him a cross tie from a freight car which the defendant was unloading. The fellow servant doctrine obtains in this State except where the defendant is engaged in certain hazardous occupations. See Stearns & Culver Lumber Co. v. Fowler, 58 Fla. 362, 50 So. R. 680; Camp v. Hall, 39 Fla. 535, 22 So. R. 792.

The declaration does not state a case in which the plaintiff was injured by the defendant or his employees while the defendant was engaged in a hazardous occupation such as railroading, but it alleges that the plaintiff while engaged in such business and employed by the defendant, other employees of the latter injured the plaintiff by throwing a cross tie upon him from a freight car. The declaration states no cause of action. It is too vague in its allegations to be the basis of any claim for damages.

The judgment is reversed.

TERRELL, C. J., AND WHITFIELD, ELLIS, STRUM AND BUFORD, J. J., concur.

BROWN, J., dissents.

BROWN, J. (dissenting).—While uncertain and ambiguous, I do not think the declaration so entirely lacking in the essential of a cause of action as to authorize the reversal of the judgment. The defendants plead to the declaration without demurrer. After verdict and judg-

ment, all reasonable intendments should be indulged in support of an ambiguous pleading especially where it was not objected to in the trial court on that ground. G. F. & A. Ry. Co. v. Andrews, 61 Fla. 246, 54 So. R. 461; Woodcock v. Wilcox, 122 So. R. 789. It may be that the judgment should be reversed for other reasons, but I cannot think it should be reversed for the reason stated.