THE HARTFORD FIRE INSURANCE COMPANY, Appellant, *v.* GEORGE M. HADDEN, Appellee.

## APPEAL FROM THE COURT OF COMMON PLEAS OF THE CITY OF AURORA.

The statute which prohibits corporations from interposing the defense of usury, applies to insurance, as well as other corporat'ons.

A mortgage may properly be introduced in evidence, in an action on an insurance policy, as well as oral testimony, to identify the property mortgaged and destroyed.

BY its policy of insurance, dated August 14, 1860, the appellant, the Hartford Insurance Company, insured Mr. Hadden, for two years, against loss by fire, in the sum of $1,500, on his mortgage interest in two wooden dwelling-houses, owned by D. W. Young, of Aurora, Illinois, situated on lots one and three of the original town of Aurora.

On the 5th of November following, one of the houses in question, worth $2,400, was burnt; the other, worth $600, was not injured.

The present action was instituted upon the policy against the company, for a refusal to pay the loss.

Three special pleas were pleaded in bar of the action, the substantial averments of which may be briefly stated as follows :

That on the 5th day of March, 1859, Hadden lent to Young the sum of $1,500, for two years, to be secured by note and mortgage, as stated in the narr.; that the note and mortgage bore interest at the rate of ten per cent., payable half yearly ; that to secure the payment of the $450, the amount of the remaining interest, which would accrue during the term of the loan, Young gave four notes of hand, with warrants of attorney, for $112.50, each payable at six, twelve, eighteen and twenty-four months after date, respectively, without interest; but to bear ten per cent. after maturity. That at different times, before the loss happened, Young had paid in all, $345 on said unlawful interest; alleging that Hadden had become liable to forfeit the whole of that unlawful interest,

and claiming the right to have that sum applied in part payment and discharge of the $1,500.

The pleas were demurred to, and the demurrer sustained by PARKS, Judge of the Aurora Court of Common Pleas, and upon trial had before him, by agreement without a jury, the issues were found for the insured, and a judgment entered in his favor for $1,520.50. The defendants moved for a new trial, filed a bill of exceptions, and appeal to this court.

MONTENAY & SEARLE, for Appellants.

The statute which declares "That no corporation shall hereafter interpose the defense of usury in any action," has no application in this case, and therefore the court below should have overruled each of the appellee's demurrers to the appellant's special pleas. See *Jackson* v. *Collins*, 3 Cowen, 89, and cases there cited; *Curtis et al.* v. *Leavitt*, 15 N. Y. 152, 153, 154.

Where the mortgagee insures solely on his own account, it is but an insurance of his *debt.* See Angell on Fire Ins., § 59, 60, 61, 62, 63; 5 Duer, 1; 5 Gilm. 266.

A. W. WINDETT, for Appellee.

The defense of usury must be specially pleaded by the party, and not by a stranger. *Hadden* v. *Jones*, 24 Ill. 384; *Reading* v. *Weston*, 7 Conn. 412; S. C., 8 Conn. 120; *Lloyd* v. *Scott*, 4 Peters, 206, 228, 229; *French* v. *Shotwell*, 5 Johnson Ch. Rep. 555, 565, 566; *Bearce* v. *Barstow*, 9 Mass. 46 — 48; *Trumbo* v. *Blizzard*, 6 Gill & John. 18, 23, 24; *Jackson* v. *Henry*, 10 John. 885; *Spengler* v. *Snapp*, 5 Leigh. 478; *Fenno* v. *Sayne*, 3 Ala. 458; *Gray* v. *Brown*, 22 Ala. 262; *Denniston* v. *Potts*, 26 Miss. 13; *Campbell* v. *Johnson*, 4 Dana, 177; *Post* v. *Bank of Utica*, 7 Hill, 406, per Wright; *Knights* v. *Putnam*, 3 Pick. 187; *Merchants' Bank* v. *Edwards*, 1 Barb. 271; *Cutter* v. *Robertson*, 14 S. & M. 18; 10 Wheat. 393; *et mult. al.*

CATON, C. J. The language of the statute is so express and positive that it leaves no room for the courts to make exceptions

to it. It is this: "That no corporation shall hereafter interpose the defense of usury in any action." And this is all there is of the act, except that the second section defines what is meant by a corporation, in the broadest possible terms, and the concluding section, which makes the act take effect immediately. It might help us some if we had found this provision in the general interest law, from which we might infer a design to limit it to cases where the corporation had agreed to pay usury. Here is an isolated provision of the law declaring that corporations shall not make the defense of usury in any action. We must hold that the law applies to this action. We have no warrant for saying that this case was not in contemplation of the legislature, and therefore should be excepted. It is included in the law which the courts must enforce.

The next is a question of variance. The mortgage is on lots one, two and three. The declaration avers that the defendant insured the mortgagee's interest under the mortgage on lots one and three. The declaration does not profess to describe the mortgage for the purpose of identifying it, but the object was to identify the loss. The plaintiff did not claim for a loss on lot two. Suppose the mortgage had also been upon a farm in the country, would it have been necessary to set that out also? The mortgage was properly admitted in evidence, and so was the testimony of Young and Buck, for the purpose of identifying the property mortgaged and that which was lost.

The judgment must be affirmed.

*Judgment affirmed.*