# JOHN F. STAFFORD
## *v.*
# ORANGE FARGO.

1. NEGOTIABLE INSTRUMENTS — *assignee after maturity — subject to what defenses.* An assignee of a promissory note, after maturity, is supposed to have notice of any defense that then exists, and it may be made as effectually in his hands as if suit were brought by the payee.

2. This being the rule, it follows that if there was a want of consideration to support the note when it was given, that defense may be properly interposed in a suit brought upon the note by the assignee.

3. CONSIDERATION — *what is not a sufficient consideration.* Where one of two persons who are about to enter into copartnership, executes to the other a promissory note to secure to him a return of his capital in the event no loss occurs in the business, the note is without consideration to support it.

4. CROSS-EXAMINATION OF WITNESSES — *how far limited.* When a witness is called by one party, the other has the right to cross-examine only upon the facts to which he testified in chief.

5. If the witness can give evidence beneficial to the party against whom he is called, he should call him at the proper time and make him his own witness, and examine him in chief, thereby giving the other party the benefit of a cross-examination on such evidence in chief.

6. SAME — *whether a violation of this rule is error.* It may be that unless it could be seen that the allowing of improper latitude in the cross-examination had resulted in injury to the party calling the witness, the judgment would not be reversed for that cause alone, yet, being calculated to work injury, such a practice should be discouraged.

WRIT OF ERROR to the Superior Court of Chicago.

This was an action of assumpsit instituted in the court below, by Orange Fargo against John F. Stafford, to recover as assignee upon the following promissory note:

"$533$\frac{18}{100}$        CHICAGO, *Sept.* 22, 1860.

Due Henrietta A. Lyon or order, five hundred and thirty-three $\frac{18}{100}$ dollars, on demand, for value received.

(Signed,)        JOHN F. STAFFORD,"

Indorsed,
        HENRIETTA A. LYON,"
        ADDISON P. LYON."

31 — 35TH ILL.

The defense set up was the alleged want of consideration for the note at the time it was given.

The note was executed by Stafford under the following circumstances: Stafford and Addison P. Lyon, the husband of Henrietta A. Lyon, the payee of the note, were about going into the liquor business as copartners. Stafford put in all the money, Lyon none. Lyon was insolvent at that time, and in debt so that he could not hold any property in his own name. Lyon became Stafford's partner, but was known publicly as agent for their firm. Lyon was to be known as agent, on account of his insolvency, for his own security, and at his own request. Stafford required of Lyon that he should put some collaterals into his, Stafford's, hands to secure him against loss in the business, as against Addison P. Lyon. Lyon agreed to that and placed some chattels in Stafford's possession, of the value of about five hundred dollars. Lyon desired to have some evidence of the receipt of the collaterals placed in Stafford's possession, and requested Stafford to give his, Stafford's, note to Henrietta A. Lyon, said Lyon's wife, to protect him, said Lyon, against his creditors; as he, Lyon, could not hold any property. The said collaterals, or the proceeds thereof, of which the said note was evidence, were only to be paid to said Henrietta A. Lyon for the use of her husband, at the dissolution of their partnership, if no losses to that extent had been sustained by Stafford by reason of Lyon not making good his share to Stafford of the general partnership loss. No money passed between Stafford and Lyon when this note was given; the note has never been presented to Stafford for payment, and no demand has ever been made of said note on him.

The business resulted in a loss of about seventeen hundred dollars.

The note was assigned to the plaintiff after its maturity.

The question presented here, is, whether there was any consideration for the note.

Another question arises in reference to the latitude properly allowable upon the cross-examination of a witness. It appears that on the trial, the defendant called Addison P. Lyon as a

witness, to testify on the single point, whether the note sued upon was indorsed before or after the commencement of this suit, and asked witness the following question: " State when you indorsed this note (giving witness said note), whether it was before or after the commencement of this suit?" To this interrogatory, witness replied: " I do not remember, my impression is I indorsed it before the commencement of this suit." Defendant's counsel then asked witness if he, witness, indorsed the said note at the time his said wife, Henrietta A. Lyon, indorsed the same; whereupon witness stated that he indorsed said note after his said wife indorsed said note, that he indorsed said note about one week after indorsement by his wife was made. The witness was thereupon cross-examined by plaintiff's counsel, who asked him the following question: " State to the jury whether your wife paid the money to defendant, Stafford, represented in this note?" Defendant's counsel objected to witness answering the said question. The court overruled the defendant's objection, and permitted witness to answer the said question; to which decision of the court, overruling defendant's said objection, defendant's counsel excepted. The witness then answered, as follows: " She did not, I paid it for her." Thereupon, plaintiff's counsel asked the witness the following question: " State whether Stafford paid the money to you yourself, or any other person in your knowledge"? To the answering this question defendant's counsel also then and there objected. The court overruled defendant's objection, and allowed witness to answer the said question; to which ruling of the court, defendant, by his counsel, then and there excepted. The witness replied as follows: Has not.

The testimony being closed, the defendant asked the court to give to the jury, among others, the following instruction :

If the jury believe from the evidence that the note in this' case sued on was given by said defendant to said Henrietta A. Lyon and her husband, or either of them, simply as evidence . of money received from her or her said husband, or both of them, to be held as collateral security for the indemnification

of the defendant against any loss on or on account of a certain business transaction with said Lyon and said Stafford, and for no other consideration, and that said defendant had been damnified to the amount of said note and interest on account of said business against which said money was held by defendant as security, and that said plaintiff, at the time when said note was assigned to him by said Addison P. Lyon, knew of these facts, and that the amount of said damage continued to said defendant, on or on account of said business against which said money was held by said defendant as collateral security, at the time when said note fell due afterwards and now, then their verdict must be for defendant.

, The court refused to give the instruction, and the defendant excepted.

. The jury returned a verdict for the plaintiff for the amount of the note and interest. A motion for a new trial was over-ruled, and judgment entered on the verdict.

, The defendant brings the case to this court upon writ of error, and now insists : *First.* That there was not a sufficient consideration to support the note; and that the plaintiff, having received the note after maturity, is subject to that defense. *Second.* That the court erred in permitting the plaintiff, upon his cross-examination of the witness, Lyon, to elicit evidence in chief.

Mr. ROBERT RAE and Mr. LEWIS UMLAUF, for the plaintiff in error.

Mr. W. K. McALLISTER and Mr. H. H. HAAF, for the defendant in error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court :

The note sued upon in this case was over due, when it was assigned to defendant in error. He then took it subject to all equities or defenses that existed at the time. The assignee, after maturity, is supposed to have notice of any

defense that then exists, and it may be as effectually made in his hands as if suit were brought by the payee. This being the rule, it follows, that if there was a want of consideration to support the note when it was given, that defense may be properly interposed in this action. The note appears to have been given, as collateral security, for the money advanced by Lyon, as his portion of the capital in the partnership of which he was a silent member. If the evidence may be regarded, it shows that whilst he was in fact a partner, he only appears to the world and upon the partnership books as an agent of the firm; and to secure to him a return of his capital, in the event that no loss occurred, this note was given.

If this is true, there was no consideration to support the note. Having been given for Lyon's portion of the capital in the firm, he had the right, as a partner, in the event the business of the firm had been successful, after a dissolution, to recover his capital and his share of the profits by bill in equity; and upon this note, in such an event, he could have recovered his capital with interest. Being a silent partner, the note seems to have been given as evidence, that on a dissolution, if there had been no loss, he was entitled to a return of that much money. It was simply intended as a receipt for that sum of money, to be repaid if the firm was successful. But the rights and benefits resulting to a partner, is the consideration he receives for the capital he may advance. He received the consideration for his capital by being admitted as a partner. Neither of the partners owed anything to the firm, or to each other, by forming the partnership, nor could they until the copartnership ceased to exist. They, by forming the partnership, assumed the duties and liabilities growing out of the relation, but that created no debt from one member to another. A note given by one member of the firm to another, without some other and different liability or benefit, would be as entirely without consideration as if given by one stranger to another, where nothing was advanced or no liability existed.

In this case the issue was formed, that the note was given without consideration. The evidence tending to prove that

fact was therefore properly admitted. And under the issue and the evidence, the court could not have done otherwise than give the jury the fourth instruction asked by plaintiff in error. The evidence shows that the firm had sustained a loss even beyond the capital advanced, as well as the profits which had accrued to the firm, and that it was insolvent when it ceased to do business. This being so, the note was not payable according to the understanding of the parties when it was given.

Whilst a large discretion is necessary to be exercised by courts, in the manner of disposing of business, still some rules of practice are inflexible. Long experience has demonstrated that certain rules of practice are indispensable to the attainment of justice, whilst others conduce largely to the attainment of that end. It seems to be the well recognized rule, that when a witness is called by one party, the other has only the right to cross-examine upon the facts to which he testified in chief. If he can give evidence beneficial to the other party, he should call him at the proper time, and make him his own witness and examine him in chief, thereby giving the other party the benefit of a cross-examination on such evidence in chief. Otherwise, the party calling the witness would be deprived of a cross-examination as to evidence called out by the other side, and the party against whom the witness was first called, would obtain the advantage of getting evidence under the latitude allowed in a cross-examination. It may be that unless the court could see that such an examination had resulted in injury to the opposite party, the judgment would not be reversed for that reason alone; but being calculated to work injury, such a practice should be discouraged. In this case, Lyon was called to prove a single fact, and the cross-examination should have been limited to that fact. The judgment of the court below must be reversed, and the cause remanded for further proceedings.

*Judgment reversed.*