CHALKLEY BELL

*v.*

ROBERT PREWITT.

1. CHATTEL MORTGAGE—*evidence of fraud.* The mere fact that the mortgage recites a greater indebtedness than actually existed at the time of it

execution is not conclusive evidence of fraud. It is a fact to be left to the jury, who must determine from all the circumstances whether it was inserted in the mortgage with the design to shield the property of the mortgagor, and to hinder and delay creditors. The transaction must be real, and entered into in good faith to secure against present or future liability.   .

2.  SAME—*description of chattels.*  A chattel mortgage duly acknowledged and recorded, after describing certain other chattels as then upon the farm of the mortgagor, contained this description, to-wit: " 20 two-year old steers on same farm." It was objected that this description was insufficient to identify the property as to others dealing with the mortgagor: *Held,* that the record of the mortgage was sufficient notice to subsequent purchasers that the mortgagee had some claim of right to cattle upon the farm, and that parol evidence was necessary and admissible to identify the particular cattle.

3.  SAME—*admissions of mortgagor.*  The declarations and admissions of a mortgagor of chattels, made after the execution of a chattel mortgage by him, are not admissible in evidence to defeat the claim of the mortgagee, in a contest between the latter and one claiming under the mortgagor.

4.  EVIDENCE—*cross-examination.*  The rule in this State is, that when one party introduces and examines a witness, the cross-examination is limited to the facts elicited by the examination in chief. When such cross-examination is carried to an unreasonable length upon new matters, and thereby improper testimony is obtained, it is error.

5.  SAME.  Where in a contest between the mortgagee of chattels and an assumed purchaser, the former called the mortgagor and proved by him a single fact, viz.: that the cattle in controversy were the same described in the chattel mortgage; and the court then permitted, against objection, a lengthy examination of the witness by the opposite party in regard to the consideration of the mortgage, and various other matters, not elicited in the examination in chief, and wholly disconnected therewith, and a verdict resulted against the mortgagee: *Held,* that for this error the judgment must be reversed.

APPEAL from the Circuit Court of McLean County; the HON. THOMAS F. TIPTON, Judge, presiding.

This was an action of replevin, by appellant against appellee. Appellant claimed the right of possession and property in twelve head of cattle under a chattel mortgage given him by George Cornelius, dated November 21, 1870. The property was described as follows: " 20 yearling steers, now on the farm of said Cornelius, in Towanda Township, McLean County,

Illinois; 20 two-year old steers on same farm," etc. The property claimed was under the second clause in the description. The appellee claimed to be a purchaser of the cattle on December 1, 1870, under a verbal agreement made before the execution of the mortgage, by the mortgagor, that if he did not pay the appellee a debt he owed him for pasturage by the last named day, the cattle were to become the property of appellee absolutely in payment of the debt. Upon this point the testimony was equally balanced, the mortgagor denying the sale. The mortgage was attacked on the ground of fraud. It purported to be for the consideration of twenty-five hundred dollars to secure a note of mortgagor to mortgagee of that sum. At the time of its execution the mortgagee was security for the mortgagor on a note of five hundred and eighty dollars, which the mortgagee subsequently paid. The mortgage was drawn up, executed, and recorded without the knowledge of the mortgagee, to secure him as security on the note of five hundred and eighty dollars, and to indemnify him in becoming security in the future on other obligations. The mortgagee neither consented nor declined to assent to the giving of the mortgage, but after its execution and record, became security upon a delivery bond for the mortgagee in the sum of fifteen hundred dollars. The mortgage contained a provision allowing the mortgagor to retain possession of the property until default, with a provision that if the same, or any part thereof, should be attached, or levied upon by any creditor, or the mortgagor should sell, or attempt to sell, the same or any part thereof, without the consent of the mortgagee, or the same, or any part thereof, should be rendered less valuable by misuse or abuse by or through the mortgagor, then the mortgagee might take immediate possession and sell the same.

The court, on the request of appellee, instructed the jury as follows:

1. If the jury believe, from the evidence, that the defendant, Prewitt, pastured certain cattle and other stock for

George ·Cornelius (mortgagor) during the summer of 1870, and that on or about October 1, 1870, took away a portion of the stock, and then agreed that a portion of the cattle should remain in Prewitt's possession as a pledge or security for the payment of the pasturage on the entire lot of stock ; and that if the said pasturage was not paid by the 1st of December, 1870, that in that case Prewitt was to be the owner of the cattle, and they were to be taken from the pasturage; and if they further believe, from the evidence, that the pasturage was not paid, and that the cattle were the same replevied, then the law is that Prewitt is the owner of the cattle, and the jury will so find, and will find, as a part of their verdict, that the said defendant is the owner of the cattle in controversy.

2. If the jury believe, from the evidence, that the defendant, Prewitt, pastured certain stock during the summer of 1870, for George Cornelius ; and if they further believe, from the evidence, that, on or about the first day of October, 1870, the said Cornelius took any or part of the stock under an agreement with said Prewitt ; that a portion of the steers should remain in Prewitt's possession as a pledge or security for the payment of the pasturage for the entire lot of stock; and if they further believe, from the evidence, that the pasturage was, and still is, unpaid, and that the cattle thus pledged are the same as those replevied in this suit, then the law is, that Prewitt had a special property in the cattle pledged until the payment of the account for which they were pledged, and the jury will find for the defendant.

3. The jury are further instructed that the foundation of the mortgage is the note therein described. That the mortgage is a mere security for the payment of the note, and the plaintiff can not recover in this suit, unless he has proven the existence of the note described in the mortgage, if any is described; and if the note described in the mortgage has not been introduced in evidence, nor its absence accounted for, and there is no evidence showing the existence of such a 'note, the plaintiff can not recover, and the jury will find for the defendant.

4. That a person claiming property under a chattel mort-

gage, must see to it that the property is correctly and truly described, so that others may not be deceived. The mortgage must speak for itself, and it is for the jury to determine whether the property therein described is the same property replevied in this suit, and if it is not, then plaintiff can not recover.

5. The jury are further instructed, that the burden of proving his case is on the plaintiff, and in order to recover in this suit, he must prove, by a preponderance of the evidence, that the defendant wrongfully took the cattle in controversy, or that he wrongfully detained them after demand made by the plaintiff.

· The jury found the issues for the defendant. Plaintiff moved for a new trial, which was overruled by the court, and judgment rendered on the verdict. Exceptions taken. Plaintiff appealed to this court, and assigned various errors, the principal ones being:

1. The admission of improper evidence on the part of the defendant.

2. The giving improper instructions for defendant.

3. That the verdict was against the law and evidence.

4. The overruling motion for new trial.

5. The allowing an improper cross-examination of Cornelius, the mortgagor, by defendant.

6. Allowing defendant to attack the consideration of the mortgage.

Messrs. SHACKLEFORD & POLLOCK, for the appellant.

Messrs. STEVENSON & EWING, for the appellee, contended that the mortgage was void as to creditors for two reasons, 1st. That it did not identify the property with sufficient certainty, and that parol evidence was inadmissible to supply this defect; 2d. That the mortgage was executed in fraud of the rights of creditors.

Also, that appellee had a prior and superior right to the cattle.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

This was a contest between a mortgagee of personal property and an assumed purchaser.

We shall not comment upon the testimony, as the judgment must be reversed for errors of law. The alleged fraud, in the execution of the mortgage, is purely a question for the jury, from all the evidence. As the case was not fairly and properly presented to the jury, there should be a new trial before any opinion is expressed as to the weight or effect of the evidence by this court.

The mortgagor was introduced as a witness for appellant, and testified only, that the cattle in controversy were the same cattle mentioned in the mortgage.

This was for the purpose of identification of the mortgaged property, and did not present any other question. The property described was, "twenty two-year old steers on the same farm;" and the parol proof was necessary to show that the property in controversy and the property mentioned in the mortgage were the same. The record of the mortgage was notice to all subsequent purchasers that the mortgagee had some claim of right to cattle upon the farm; and parol proof was admissible to identify the particular cattle. *Mattingly* v. *Darwin*, 23 Ill. 618; *Hartford Fire Ins. Co.* v. *Hadden*, 28 Ill. 260.

As the mortgagor testified to no fact, except the foregoing, it was manifestly improper, against repeated objections, that the court should have permitted a lengthy examination of the witness by the opposite party in regard to matters not adverted to in the examination in chief, and wholly disconnected therewith. The examination was extended to the consideration for the mortgage; the state of accounts between the mortgagor

and appellee, and admissions which the mortgagor had made subsequent to the execution of the mortgage.

Though there are authorities to the contrary, the rule established in this State is, that when one party introduces a witness and examines him, the cross-examination is limited to the facts elicited by the examination in chief. If his testimony is desired as to other and distinct matters, the opposite party must call him, and make him his own witness. *Stafford* v. *Fargo*, 35 Ill. 481.

While we might not reverse for this only, we must when the examination was carried to the extent it was in this case.

By the violation of this rule, evidence was obtained which was inadmissible, and which probably influenced the verdict.

The testimony as to the fact of the purchase of the cattle, was equally balanced. The mortgagor denied, upon this improper examination, the sale; the purchaser affirmed it. The court then permitted other witnesses to contradict the mortgagor as to admissions he had made after the execution of the mortgage, and thus the scale was turned, and the rights of the mortgagee imperiled.

The mortgagor was not a party to the record, and his admissions could not be proved to affect whatever rights the mortgagee had acquired. *Reed* v. *Nixon*, 48 Ill. 323; *Gridley* v. *Bingham*, 51 Ill. 153.

The mortgagor had made a conditional sale. He had virtually parted with his interest in the property, and it would open the door to the basest frauds to allow his declarations to defeat the claim of the mortgagee. *Miner* v. *Phillips*, 42 Ill. 123.

The mere fact that the indebtedness mentioned in the mortgage was greater than the actual indebtedness, is not conclusive evidence of fraud. The fraud must be determined by the jury from all the circumstances; the intent and agreement of the parties, if any existed, as to the purpose of the mortgage. If the design was to shield the property, and to hinder and delay creditors by the insertion of the large amount in the mortgage, then it was fraudulent and void.

The transaction must be real, and entered into in good faith, to secure against present or future liability. *Wooley* v. *Fry*, 30 Ill. 158.

We perceive no error in the instructions to which objection is made; but the judgment must be reversed for the reasons assigned, and the cause remanded for another trial.

*Judgment reversed.*