EDWARD C. WALLER

v.

JAMES S. CARTER.

1. EVIDENCE TENDING TO PROVE AN ISSUE.—If the evidence tends to support plaintiff's cause of action. it must go to the jury, and it is error for the court on motion of the defendant to exclude it from them.

2. CROSS-EXAMINATION—NEW MATTER.—When a witness is called by one party, the other party has the right to cross-examine him only as to the facts to which he testified in chief.

3. CONTRADICTING ONE'S OWN WITNESS.—Although a party calls a witness to prove certain facts, he is not concluded by the testimony of such witness, but may prove by other witnesses that the witness was mistaken, or did not truthfully state the facts.

APPEAL from the Superior Court of Cook county; the Hon. SIDNEY SMITH, Judge, presiding. Opinion filed May 4, 1881.

Mr. JOHN M. GARTSIDE, for appellant; that it was error to exclude the evidence from the jury, cited Smith v. Gillett, 50 Ill. 290; Deshler v. Beers, 32 Ill. 368; Kitzinger v. Sanborn, 70 Ill. 146; Merricks v. Davis, 65 Ill. 319; Hanford v. Obrecht, 49 Ill. 146; Ruggles v. Gatton, 50 Ill. 412; Geurdon v. Corbett, 87 Ill. 275; Robbins v. The People, 95 Ill. 178; Mer. Dispatch Co. v. Bolles, 80 Ill. 473.

To sustain this action it was sufficient to show the insolvency of the makers of the note at its maturity: Booth v. Storrs, 54 Ill. 472; Bledsoe v. Graves, 4 Scam. 382; Judson v. Goodwin, 37 Ill. 286; Tarbell v. Griggs, 3 Paige, 207; Humphreys v. Collier, 1 Scam. 47; Mason v. Burton, 54 Ill. 350; Bestor v. Walker, 4 Gilm. 3; Pierce v. Short, 14 Ill. 144; Clifford v.

Keating, 3 Scam. 250; Hamlin v. Reynolds, 22 Ill. 207; Aldrich v. Goodell, 75 Ill. 452; Wickersham v. Altom, 77 Ill. 620; Phillip v. Webster, 85 Ill. 148; Babcock v. Blanchard, 86 Ill. 166; Curtiss v. Martin, 20 Ill. 577.

Messrs. FAIRCHILD & BLACKMAN, for appellee; generally against the right to recover, cited Chester v. Dorr, 41 N. Y. 279; Kellogg v. Barton, 94 Mass. 527; Bacon v. Burnham, 37 N. Y. 614; Cowles v. McVicker, 3 Wis. 735; Roberts v. Haskell, 20 Ill. 59; Robinson v. Olcott, 27 Ill. 184.

A direction to the jury to find for the defendant is not an instruction on the law of the case: Crowly v. Crowly, 80 Ill. 469.

McALLISTER, P. J.  This was an action by Waller, the appellant, against Carter, the appellee, to recover of the latter, as indorser of a promissory note, dated September 20, 1870, made by the firm of Philip Wadsworth & Co., at Chicago, whereby they promised to pay ninety days after date, to the order of Carter, at the Third National Bank of Chicago, the sum of five thousand dollars. The count on the note alleged the indorsement thereof by Carter to the City National Bank of Chicago, and by the Bank to plaintiff; also that at the maturity of the note the firm of Philip Wadsworth & Co. were and each of them had continued from thence to the commencement of this suit insolvent and unable to pay said note, and that the institution of a suit against them would have been unavailing. The defendant pleaded the general issue, and filed therewith a notice of special matter, which was to the effect that defendant was a mere accommodation indorser; that he indorsed without consideration, and merely for the purpose of complying with the rules of said bank for discount, by which the note was made; but that it never was discounted by said bank and never had a legal existence. There was a trial before the court and a jury, resulting in a verdict and judgment for defendant, and the plaintiff brings the case to this court by appeal, the evidence and rulings of the court being preserved by bill of exceptions.

From a careful examination of the proceedings and rulings

of the court upon the trial, we feel constrained to reverse this judgment. It appears that the plaintiff called Philip Wadsworth, of the firm whose name was on the note as makers, as a witness, who gave evidence tending to show that some days prior to the maturity of the note in suit, said firm had committed acts of bankruptcy; that such firm and the individual members thereof were, at the time of the maturity of the note, and ever since have been, wholly insolvent. But on cross-examination, this witness also gave evidence for the defense, tending to show that said firm retained the control of their property until January 10th 1871, when they filed their petition in bankruptcy ; that the firm had in their store in Chicago about one hundred and fifty thousand dollars worth of clothing ; that these goods were unincumbered ; and the witness testified that they could have settled with anybody.

The court then permitted the defendant's counsel, against the objection of plaintiff, to examine this witness touching the origin and disposition of the note in question, thus eliciting evidence tending to support the defense set up in their notice of special matter, none of which matters were inquired into by plaintiff's examination in chief of this witness. To this ruling exception was taken.

It also appears that plaintiff had given in evidence the discharges in bankruptcy of the several members of the firm of Philip Wadsworth & Co.; that witnesses were introduced in his behalf who gave evidence tending to rebut the alleged defense, and tending to show the legitimate negotiations of said note with said City National Bank; and it appears, that while the plaintiff was proceeding with his evidence in the case, and, so far as the bill of exceptions shows, before he had rested his case, the defendant's counsel made a motion that the court exclude from the jury all the testimony introduced by the plaintiff, and the court, without, so far as the bill of exceptions shows, asking the plaintiff whether he was through with his testimony, or whether he had any more to introduce, granted said motion, excluded the evidence and directed the jury orally to find a verdict for the defendant, which was done. To this also the proper exception was taken.

Under these circumstances we will not scrutinize the evidence as closely as we would had such motion been made by the defendant and granted by the court after plaintiff had rested his case. In the action of the court it was assumed, seemingly, that the plaintiff was conclusively bound by what Wadsworth had testified to on his cross-examination in respect to the amount of property his firm had in their possession at the maturity of the note. The rule is otherwise. Although plaintiff called Wadsworth as a witness to prove the insolvency of his firm, and that the institution of a suit against the makers at the maturity of the note would have been unavailing, yet he had the right to prove by other witnesses that Wadsworth was mistaken, or did not truthfully state the amount and situation of their property. Rockwood v. Poundstone, 38 Ill. 199.

The execution of the note by makers and defendant, as indorser, had been proven, and the note introduced in evidence. The evidence was clear and uncontradicted that just before the maturity of the note the makers had committed acts of bankruptcy by letting their paper go to protest, and that they in fact were, as a firm and individually, insolvent when the note became due, and ever afterwards. These circumstances tended to prove that the institution of a suit against them on the note would have been unavailing. The evidence as to the defense set up was manifestly conflicting.

This, then, is the actual state of the case: the plaintiff had given evidence tending to prove every necessary element of his cause of action, and had put in rebutting evidence as to the defense of the defendant under his notice of special matter; and while plaintiff is proceeding with his evidence, and before he rested his case, the court, on motion of defendant, excludes all of plaintiff's evidence, and orally directs a verdict for defendant. The cases cited by appellant's counsel abundantly support the position that if the evidence tends to support plaintiff's cause of action it must go to the jury. It is also a settled rule that when a witness is called by one party, the other party has the right to cross-examine him only as to the facts to which he testified in chief. Stafford v. Fargo, 35 Ill. 481.

For the errors indicated the judgment of the court below must be reversed and the cause remanded for a new trial.

Reversed and remanded.