## John K. Stevens

### v.

## C. C. Brown et al.

1. Evidence—Cross-examination.—A party has no right to cross-examine any witness except as to facts and circumstances connected with the matters stated on his direct examination. If he wishes to examine the witness as to other matters, he must do so by making the witness his own and calling him as such in the subsequent progress of the case.

2. Specific ground of objection to improper questions.—Where a certain question was objected to by defendant's counsel on the specific ground that it was not proper cross-examination, and a second question calling for a further elaboration of the subject-matter of the first question was objected to, although the specification that it was not cross-examination was not repeated. *Held*, that although the specific ground of objection was not repeated, it may, under the circumstances, be fairly regarded as implied in the objection to the second question.

3. Evidence—Witness testifying on behalf of person suing as executor, etc.—Where a witness shall testify on behalf of a person suing as executor, etc., of a deceased person, to any admission or conversation by any adverse party or party in interest, occurring before the death of such deceased person and in his absence, such adverse party or party in interest may also testify as to the same admission or conversation.

4. The same.—A party suing in a representative capacity can not be permitted, by a misuse of his right of cross-examination, to call out conversations of the adverse party and then cut such party off from the right of giving his version of such conversations by claiming that it was such party's own witness who testified to them in the first instance.

Appeal from the Superior Court of Cook county; the Hon. Elliott Anthony, Judge, presiding. Opinion filed April 24, 1883.

Messrs. Frank J. Smith & Frank A. Helmer, for appellant; as to the right of a party, sued by an executor, to testify in rebuttal to statements made by an agent of deceased, cited R. S. 1882, Ch. 51, § 2.

Where a landlord takes possession of any part of premises leased by him to a tenant against tenant's consent, it is an eviction and releases tenant from payment of any more rent: Smith v. Wise, 58 Ill. 143; Christopher v. Austin, 11 N. Y.

216; Halligan v. Wade, 21 Ill. 470; Bentley v. Sill, 35 Ill. 414; Anderson v. Chicago Marine and Fire Ins. Co. 21 Ill. 601; Walker v. Tucker, 70 Ill. 528; Lynch v. Baldwin, 69 Ill. 210.

Mr. Gwynn Garnett, for appellees; that the question of eviction depends upon the circumstances and is in all cases to be decided by the jury, cited Nimmo v. Kuydendall, 85 Ill. 476; Hayner v. Smith, 63 Ill. 435; Upton v. Townsend, 84 Eng. C. L. 30; Lynch v. Baldwin, 69 Ill. 212; Morris v. Tillson, 81 Ill. 623.

Such acts as create a *constructive* eviction amount to a right to abandon the premises rather than a bar to an action for rent: Wood on Landlord and Tenant, p. 798; Edgerton v. Page, 20 N. Y. 284; Burnham v. Martin, 90 Ill. 438; Lounsbery v. Snyder, 31 N. Y. 514.

The question of the amount of the damages of appellant or the failure to allow any recoupment can not be considered, as the record does not raise such question: Ottawa, etc. R. R. Co. v. McMath, 91 Ill. 111; Jones v. Jones, 71 Ill. 562; Emory v. Addis, 71 Ill. 274; C. & A. R. R. Co. v. Rice, 71 Ill. 567.

An objection which is merely formal, can not be made in this court for the first time: Seavey v. Carrigan, 4 Bradwell, 324.

Bailey, P. J. This was a suit commenced by John E. Owsley against John K. Stevens before a justice of the peace, and afterward taken by appeal to the Superior Court of Cook county. During its pendency in the superior court, the plaintiff died, and his executors thereupon came and suggested his death on the record, and were substituted as plaintiffs.

The suit was brought to recover the rent for the months of August, September and October, 1881, of premises consisting of a certain one-story building situate on the southwest corner of Madison and Robey streets, Chicago, with the appurtenances, leased by the plaintiff to the defendant for the term of one year, from May 1, 1881, at $30 per month. It appears that said building was rented by the defendant, to be used as

a photograph gallery, and that he afterward occupied and used it for that purpose. At the date of the lease, the ground adjoining said building, both on the west and south, belonged to the plaintiff, and was vacant. A few feet from the south or rear end of the building was situated a large coal bin, which the defendant used for storing his coal.

During the summer of 1881, a large four-story brick building, fronting on Madison street, was erected on the lot west of and adjoining the demised premises, said building extending south about forty feet beyond the south end of the defendant's building. At the same time the coal bin was removed to the rear of the lot, and a one-story building fronting on Robey street was erected immediately south of and within three or four feet of the building leased to the defendant. At the trial, which was had before the court without a jury, the defendant gave evidence tending to show that the excavation made for the foundation of the building west of his premises caused the west wall of his building to settle so as to seriously damage the building and cause the plastering to fall down upon and spoil a considerable amount of his property therein. Also, that by the erection of the building south of his premises, his light from that direction, by which he was accustomed to do his photographic printing, was cut off, thus rendering the premises of little value for the purposes for which he was occupying them.

The defendant then called as a witness, J. G. Owsley, a son of the lessor, and proved by him merely that said lessor erected or caused to be erected both of said buildings; and also that the witness executed the lease to the defendant in his father's name, and that his authority in that behalf was merely verbal. The plaintiff's counsel then on cross-examination, after proving that the witness acted as his father's agent in erecting said buildings, put to him the following question:

" Before you commenced to dig your trench or to build your building, did you go to see Mr. Stevens about it? "

This question was objected to by the defendant's counsel on the ground that it was not cross-examination, which objection was overruled by the court, and the witness was permitted to

answer said question, which he did in the affirmative. The plaintiff's counsel then asked the witness the following question: "Go on and state what conversation you had with Mr. Stevens in reference to the erection of the building on the west before it was erected, and before the trench was dug?"

This question was also objected to by the defendant's counsel, although the specification that it was not cross-examination was not repeated. This objection the court also overruled, and the witness answered the question, giving the details of an interview with the defendant, in which he asked the defendant if the erection of said building would hurt his (defendant's) business, and that he replied, "No, go on and build if you want to, it will not hurt my business." The defendant then offered himself as a witness and offered to testify as to the same conversation spoken of by the witness Owsley, but said offer was rejected by the court, and said testimony excluded. Exceptions were duly taken by the defendant to said several rulings of the court in relation to the admission of evidence, and the court, after hearing the evidence, found the issues for the plaintiff, and assessed the plaintiff's damages at $90, for which sum and costs the plaintiff had judgment.

We think the court erred in allowing the plaintiff's counsel to put the foregoing questions to the witness on cross-examination. The rule, as laid down by Greenleaf, and long recognized as the settled law of this State is, that a party has no right to cross-examine any witness except as to facts and circumstances connected with the matter stated on his direct examination; and if he wishes to examine him as to other matters, he must do so by making the witness his own, and calling him as such in the subsequent progress of the case. 1 Greenl. on Ev. Sec. 445; Lloyd v. Thompson, 5 Bradwell, 90. In Bell v. Prewitt, 62 Ill. 361, the court say: "The rule established in this State is, that when one party introduces a witness and examines him, the cross-examination is limited to the facts elicited by the examination in chief. If his testimony is desired as to other and distinct matters, the opposite party must call him and make him his own witness." See also, Stafford v. Fargo, 35 Ill. 481.

Stevens v. Brown et al.

The witness in this case, besides being asked some questions as to the execution of the lease, which are immaterial here, was examined in chief merely as to whether the defendant's lessor erected or caused to be erected the buildings of which the defendant complained. His cross-examination should, therefore, have been limited to that one fact. A conversation between the defendant and the lessor's agent, before the erection of one of said buildings, in which the defendant gave his consent to the erection of said building, was an entirely independent matter, and if the plaintiffs wished to examine the witness in relation to such conversation, they should have been compelled to recall him at a subsequent stage of the case, and make him their own witness.

It can not be said, we think, that the point that the questions objected to were not a proper cross-examination, was not sufficiently made. The first question asked was whether, before commencing to dig the trench, the witness had an interview with the defendant in relation to it. That question was objected to on the specific ground that it was not proper cross-examination. The objection being overruled and the question answered in the affirmative, the very next question which the court allowed the witness to answer, directed him to go on and state the conversation. This also was objected to, and although the specific ground of objection was not repeated, it may, under the circumstances, be fairly regarded as implied in the objection to the second question, as that question only called for a further elaboration of the subject-matter of the question, to which the specific objection was made.

But a more serious error was committed by the court, in refusing to allow the defendant to testify to the same conversation. It is true the plaintiffs were suing as the executors of a deceased person, and the defendant, therefore, was not a competent witness in his own behalf, unless he was brought within some one of the exceptions contained in the second section of the statute, in relation to evidence and depositions. It is there provided, in substance, that where a witness shall testify on behalf of a person suing as executor, etc., of a de-

ceased person, to any admission or conversation by any adverse party or party in interest, occurring before the death of such deceased person, and in his absence, such adverse party or party in interest may also testify as to the same admission or conversation.

In whose behalf, then, must the witness be deemed to have testified to said conversation with the defendant? The conversation was not called out by the defendant, nor was any foundation laid by the defendant in his examination of the witness in chief, for calling it out on cross-examination. It was given in response to questions improperly put to the witness by the plaintiff's counsel. The plaintiffs must be deemed, therefore, to have made the witness their own to this extent, and in testifying to said conversation, he must be regarded as having te·tified on behalf of the plaintiffs. A party suing in a representative capacity can not be permitted, by a misuse of his right of cross-examination, to call out conversations of the adverse party, and then cut such party off from the right of giving his version of such conversations, by claiming that it was such party's own witness who testified to them in the first instance.

The judgment will be reversed and the cause remanded.

Judgment reversed.