## Metropolitan Life Insurance Company v. Clifford Johnson.

### Gen. No. 11,763.

1. INSURANCE POLICY—*how proceeds of particular, to be disposed of.* When an insurance policy provides that the company may pay the proceeds thereof to any person appearing to the company to be equitably entitled to the same by reason of having incurred expenses on behalf of the insured, such proceeds go to the estate of the deceased where the company fails to dispose of the same as provided

in said policy; but where such company has caused an undertaker to bury the deceased, upon the faith of the provision of such policy, the proceeds thereof, to the extent of the funeral expenses of the insured, should be paid to such undertaker.

Action commenced before justice of the peace. Appeal from the Circuit Court of Cook County; the Hon. GEORGE W. BROWN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1904. Affirmed. Opinion filed June 2, 1905. Rehearing denied June 23, 1905. Opinion refiled June 23, 1905.

**Statement by the Court.** This suit was originally commenced before a justice of the peace to recover upon an insurance policy, which contained a provision as follows:

"In case of such prior death of the insured the company may pay the amount due under this policy to the beneficiary named above or to any relative by blood or connection by marriage of the insured, or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, or for his or her burial; and the production of a receipt signed by either of said persons shall be conclusive evidence that all claims under this policy have been satisfied."

The policy was issued December 30, 1901, to one Cora Price. The amount payable in the event of death after one year was $138. The beneficiary named in the policy was a daughter of the insured who appears to have died before the death of the latter. The insured endeavored to assign the policy to one Bassett, but so far as appears the assignment was never endorsed on the instrument by the company as the policy by its terms required in order to make such change effective.

The suit was brought by appellee as administrator, but in the Circuit Court Clifford Johnson was substituted in lieu of Clifford Johnson, administrator, as plaintiff, and he recovered judgment for $100.

Appellee is an undertaker, and testified that he knew the cashier of appellant, and that about the first of March, 1903, he had a conversation with the said cashier with reference to the burial of the insured, the cashier stating that Bassett, to

whom the insured endeavored to transfer the policy, was on the way with the policy, that it was all right and appellee could go ahead with the burial; that shortly afterward Bassett came with the policy and the receipt book showing payments made thereon. Upon the strength of what appellant's cashier said, appellee obtained the body of the insured and buried her. He testified that the prevailing and reasonable price for the service at that time was $100, and that he had buried many people who were insured in the appellant company, depending on getting his pay when the claim for benefits under the policy was passed on and allowed. It appears from the testimony of the said cashier of appellant that appellee "has buried hundreds of persons who were insured in the Metropolitan Life Insurance Company, I believe." He states that when the company was notified of a death the custom was to issue papers for completion of the proof, which would be sent to New York for approval. This would take two or three days and meantime the bodies were buried. He testifies that "the fact of the matter is that people would call at the office and generally bring an undertaker with them and ask me to advise the undertaker when the claim was approved by the company. People would want the undertaker to go ahead with the funeral." He denies that in this case he had any conversation with appellee about the claim, or about the burial of Cora Price or the policy in question.

HOYNE, O'CONNOR & HOYNE, for appellant.

No appearance for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

The policy in controversy seems to have been contested upon the alleged ground that the deceased was suffering from a disease of the kidneys when the policy was issued, and concealed the fact from appellant. There is no direct proof that such was the case and there is conflict in the opinions of the medical witness who testified in reference to that matter. The evidence as to the alleged assurance to appellee from appellant's cashier that the policy had been turned in, that

it was all right and to go ahead with the burial is also con-
flicting. The finding of the jury, there being conflict in the
evidence, must be deemed conclusive in this instance in favor
of appellee upon the controverted questions of fact.

It is contended in behalf of appellant that the provision
of the policy to the effect that the company may pay the
amount due thereon to any person appearing to said com-
pany to be equitably entitled to the same by reason of having
incurred expense on behalf of the insured or for his or her
burial, is permissive only and if the company fails to exer-
cise such option, then all rights inure to the benefit of the
estate of the deceased, and appellee has acquired no rights
thereunder. See Lewis v. Metropolitan Life Ins. Co., 178
Mass. 52-54.

We are of opinion, however, that if, as the jury seem to
have found, appellant by its authorized officer promised to
pay appellee the expense of the burial of the assured, such
promise may be deemed an election on the part of the com-
pany to pay that expense to appellee as the person equitably
entitled to be so paid by reason of having incurred the expense
of burial, and that having led appellee to incur such expense
on the faith of that promise, appellant must be deemed es-
topped from now denying that it exercised the option given it
by the policy and agreed to make such payment.

The judgment must be affirmed.

*Affirmed.*

*Per curiam.* In a petition for rehearing appellant seems
to suppose that we intend to hold that any cashier in any of
appellant's branch offices is entitled to act for the company
and exercise the option contained in the policy. This is a
misapprehension. There is evidence that appellee had been
in the habit of relying on statements made by the cashier
referred to, under similar circumstances in previous cases,
that he had acted upon the information so given him by said
cashier and subsequently received the money, and that this
had been the usual course of dealing. The question of fact
must be regarded as settled by the verdict, and upon such

state of facts appellant should, we think, be deemed estopped to deny the authority of the cashier in this particular instance.