### No. 843
### POMFREY v. PRUDENTIAL INS. CO.

Ohio Appeals, 1st Dist., Hamilton Co.
No. 2631. Decided May 4, 1925

647. INSURANCE—Where insured borrows money from company with which to pay premiums, company in accepting such payments does not waive any rights under its contract of insurance.

CUSHING, J.

A twenty year payment life insurance policy was issued on the life of Samuel Pomfrey by the Prudential Life Insurance Co. in 1904, with an annual premium of $33.50. Nine premiums were paid the last being on Sept. 24, 1912. The loan certificate dated Oct. 21, 1912 signed by Pomfrey evidenced a loan to him of $169.28. This money was used to pay the premiums from 1909 to 1912.

The policy was not tendered or surrendered to the company nor was any request made to issue extended insurance. The company placed in its record extended insurance for $831, or until July 9, 1915. Pomfrey died in 1918. This action was filed in the Hamilton Common Pleas to recover the face value of the policy. The court instructed a verdict in favor of the Company.

Error was prosecuted and the contention of Elizabeth Pomfrey, the beneficiary, was that the question as to whether the insured had lost his right to extended insurance was one of fact and should have been submitted to the jury. It was sought by the beneficiary to ignore the four payments made with the money loaned on the policy; and it was claimed by her that as she was entitled to extended insur-

ance for ten years and 253 days after the five annual payments, that the question of whether or not the Company waived the forfeiture of the policy should have been for determination by the jury. The Court of Appeals held:

1. The contract of insurance gave the insured the right of borrowing on the policy, and the use of money so borrowed was a matter within the discretion of the insured.

2. The company did not seek to forfeit the policy. It could not demand repayment of the money, and, in accepting the four payments made with the loan, it did not waive any of its rights under the contract.

3. Had the loan been repaid and no further payments made after the ninth payment, the insured would have had extended insurance for nineteen years and 128 days.

4. The adjustment was made on the difference between the cash surrender value of the policy, which, at the end of nine years, was $184 and the indebtedness. This is provided for in the contract of insurance and is plain, unambiguous and free from technical terms.

5. It is argued that the beneficiary had a vested right in the policy and that the liability of the Company was fixed by contract. No premiums were paid nor were any demands made on the company after Sept. 24, 1912.

6. The facts did not present a case for the jury and the trial court did not err in its construction of the contract, or in directing a verdict.

Judgment affirmed.

Attorneys—George H. Silverman, and Alcorn & Alcorn, Cincinnati, for Pomfrey; Heintz & Heintz, Cincinnati, Doyle & Lewis, Toledo, and M. J. Warner, Cincinnati, for Company.