RUSTIN, EXR. ETC., v. PRUDENTIAL INS. CO.

Ohio Appeals, 9th Dist., Summit Co.

No. 1429. Decided March 23, 1928.

First Publication of This Opinion.

Syllabus by the Court.

941. PRACTICE AND PROCEDURE—1273. Witnesses 396. Directed Verdicts.

It is prejudicial error for a trial court, upon the application of the defendant, after the plaintiff has rested his case in chief, to recall one of plaintiff's witnesses and permit him to be further cross-examined, allow him to identify certain exhibits of a defensive nature, admit them in evidence, and then consider this evidence upon a motion of the defendant to direct a verdict in its favor.

723. LIFE INSURANCE—475. Estoppel.

An insurance company, under one of its policies containing a facility of payment clause, may be estopped from denying that it has exercised its power of selecting the one equitably entitled to receive the proceeds of the policy, where one of its agents has misled another to his injury.

Error to Common Pleas.

Judgment reversed.

Holloway & Chamberlin, Akron, for Rustin.
Musser, Kimber & Huffman, Akron, for Prudential Ins. Co.

STATEMENT OF FACTS.

Several years before her death Rosie S. Smith took out two industrial insurance policies with the Prudential Insurance Company. She did not designate a beneficiary in either of them. After her death, her executor, Thos. Rustin, brought this action to collect the amount due on the policies.

The defendant claims that, under the "facility of payment" clause contained in each of the policies, it had paid the avails of the first policy to one Sallie Minnier, a niece of decedent, for moneys expended by her for and on behalf of decedent during decedent's lifetime.

In the evidence offered by the plaintiff, he established that he had delivered, to one of the Akron agents of the defendant, a proof of death of said decedent, a copy of his appointment as executor of her estate, and a copy of her will—all within two or three days after her death, and subsequent to a conversation held by him with one of the Akron agents of said defendant.

The evidence further shows that after said conversation, plaintiff contracted an expense for the burial of said decedent, in a sum in excess of $200. The evidence further shows that plaintiff received · from defendant, subsequent to these events, by mail, in an envelope bearing a Newark, New Jersey (the home office of said defendant), postmark of March 10, 1926, a card addressed to him at his Akron address, with the following notations thereon:

"THE PRUDENTIAL INSURANCE COMPANY OF AMERICA

"On the life of 1 Rose Smith 3/1.

"Face of Policy ............... $204.00
"Additional Benefit ............. ......
--
"Total ...................... $243.56
"Prems. paid in advance........ .80
--
"Amount of check............. $244.36

"SPECIAL NOTICE. The above claim has been approved for the amount specified. If check is not delivered promptly or if there has been any deduction or charges made for adjusting this claim by any representative of the Company, please notify us at once."

At the conclusion of the plaintiff's case, such as he was permitted by the trial court to make, upon defendant's motion, and over the objection of the plaintiff, the trial court directed a verdict in favor of said defendant.

PARDEE, J. •

"When the defendant made this motion, he came within the rule announced in Ellis & Morton v. Ohio Life Ins. & Trust Co., 4 OS. 628.

By the admissions which the defendant made, in contemplation of law by said motion, the plaintiff had established that he was the duly appointed and qualified executor of decedent's estate, that he had made proper proof of decedent's death, that the amount due upon both policies was in the sum of $244.36, that the defendant company admitted that the claim had been approved for the amount specified, that he had been recognized as the proper claimant for the same, and that a check for said amount had been made out for him and would be promptly delivered.

These admissions brought the plaintiff within the first clause of the policy and established plaintiff's case, and put the defendant upon proof to overcome the same, and it was prejudicial error for the trial court to direct a verdict in favor of said defendant.

In the reply of the plaintiff, he relied upon an estoppel to overcome the defense of payment made by said company, to said niece, of the proceeds of said first policy, the company having admitted liability, and made payment to the plaintiff, of the amount due upon the other.

In the trial, the plaintiff attempted to prove, in his case in chief, although out of order, his estoppel, by certain facts—being substantially that immediately after decedent's death he went to the office of defendant company in Akron and informed the agent, there in charge, of the death of said decedent, and that the agent told him to proceed with the funeral and that the company would later pay him the amount due upon both policies; that, in reliance upon this assurance of said agent, the plaintiff contracted undertaker's bills, and that said company, in disregard of the promises of its said agent, paid the proceeds of the first policy to another.

The plaintiff was prevented from proving these essential facts of his alleged estoppel by the objection of the defendant's counsel, and in each instance the plaintiff took his exception to the ruling of the court, and the bill of exceptions shows, in part, what he expected to prove to sustain his estoppel. These objections, as shown by the record, were not made or sustained upon the ground that the plaintiff was prematurely attempting to prove the estoppel set up in the reply but upon the theory that defendant could not be estopped from exercising its rights to make selection as provided in the facility of payment clause. Although prevented from showing all of the essential facts claimed by him, the plaintiff was permitted to show some of them, which, in addition to the card sent him by defendant, tend to prove the estoppel claimed by him.

The only witness offered was the plaintiff, and, after he had been examined and then cross-examined, the plaintiff rested his case.

Thereupon, over the objection and exception of the plaintiff, the defendant was permitted to recall the plaintiff and further cross-examine him and have him identify certain exhibits of the defendant, and then, over the objection and exception of the plaintiff, the defendant was permitted to offer each of these exhibits (six in number) in evidence.

The trial court committed serious error, prejudicial to the plaintiff, in permitting, in effect, the defendant to open plaintiff's case after he had rested, in allowing said defendant to offer evidence in passing upon defendant's motion for a directed verdict in its favor. Of course, the court was incompetent to reopen plaintiff's case over his objection and permit this evidence to be offered.

EIGHT—142—LAW AB CO      DH 5-1

The plaintiff concedes to the defendant, under this policy containing the facility of payment clause, the right to make payment to the person equitably entitled to receive the proceeds of the policy when the rights of others have not intervened, but he claims that if he had been permitted by the trial court to introduce all of his evidence, he would have shown that the defendant did make an election, as permitted by the policy, and designated the plaintiff as the one to whom it would make payment of the proceeds of both of said policies, and that, relying upon said designation and election by said company, the plaintiff contracted debts for the burial of said decedent, which he would not otherwise have done.

In our opinion the trial court, for the reasons assigned by it for so doing, committed prejudicial error in refusing to permit the plaintiff to prove the estoppel he claimed to have, because if he had proved his estoppel, the defendant could not make its second election, to his injury. This principle of estoppel is fully recognized in the following cases: Met. Life Ins. Co. v. Johnson, 121 Ill. App. 257; Shea v. U. S. Ind. Ins. Co. 23 N. Y. App. Div. Sup. Ct. 53.

For the reasons stated, the judgment of the Court of Common Pleas is reversed and the cause remanded, with instructions to try the issues made in the pleadings in accordance with the rules of procedure prescribed by the civil code of this state."

(Washburn, P. J. and Funk, J., concur.)