SALKO, ADMX., *v.* METROPOLITAN LIFE INS. CO.

(Decided February 10, 1936.)

*Mr. Lewis Brucker* and *Mr. H. M. Rust,* for plaintiff in error.

*Messrs. Weldon & Huston,* for defendant in error.

SHERICK, J. On May 28, 1934, John Salko was issued a policy of insurance upon his life. On October next thereafter, the insured died. The policy was issued without medical examination. It was covenanted therein that if the insured had cancer, or was not in sound health at the time of delivery of the policy, no insurance was effected thereby, and that the company would then be liable only for return of the premiums paid. The insurer denied liability.

Thereupon the plaintiff in error, Sophia Salko, administratrix, commenced this action, and averred the payment of all premiums due under the contract and a compliance with all conditions precedent therein described. To this pleading the company made answer, in part denying the furnishing of proper proof of loss, and affirmatively alleged non-liability for the reason that the insured was ill of cancer and was not in good health when the policy was issued. Upon submission of the cause, at the conclusion of the plaintiff's case, the court directed a verdict in the defendant's favor upon the theory that the evidence established that the insured died of carcinoma, of which ailment he was suffering at the time of issuance of the policy. It is of this action and the judgment entered on the verdict that plaintiff in error now complains in this court, for reasons hereinafter to be enumerated.

From the statements of counsel embraced within this record we learn that the company, at the inception of the trial, objected to the plaintiff's offering in evidence three exhibits which purported to be the claimant's medical proofs of loss. It thereby became necessary for the plaintiff to properly identify these proofs. We further note that at the conclusion of the plaintiff's case these proofs were offered and received in evidence without objection.

The subscribers to these proofs of loss were called as witnesses and identified them; that of Dr. Talbot

contained the answers made to three inquiries which are important. Under cause of death this appears, "carcinoma of stomach—Duration from personal knowledge" not answered. "Duration from history given," is answered, "8 mos." "How long had deceased been ill when you were called to attend in last illness? About 7 months." This witness was the operative surgeon. He was permitted to be cross-examined at considerable length upon the nature and duration of the insured's ailment. He confirmed his statement made in the proof of loss from the history given and knowledge gained from the exploratory operation performed upon the insured. This testimony was admitted under plaintiff's objection. It is upon his testimony, and his statement contained within the proof of loss thereafter offered in evidence, that the trial court sustained the motion for a directed verdict.

Before proceeding to consider the law applicable to the situation presented, we must here further note that the like statement of the second physician answers the same inquiries, "Stomach trouble—8 days." "A few hours." The corresponding answers contained in the beneficiary's statement are "operation stomach trouble —4 weeks." It is further answered that the insured quit work "about September 20, 1934."

The evidence offered by the insured tended to sustain every material issue that he was bound to prove to maintain his case. He was entitled to have his cause go to the jury. We are reluctant to say that the trial court abused its discretion in the matter of Dr. Talbot's cross-examination; but we are of positive opinion that the court was not warranted in considering that evidence, produced on cross-examination, in ruling upon the motion for a directed verdict. There are three distinct and cogent reasons why this is true. These we shall now demonstrate.

From the statement of the beneficiary and the second physician as a part of the proof of loss, and the reasonable inferences deducible therefrom, it is quite probable that the insured did not have cancer, or was in good health when the policy was issued. When the court weighed this evidence against that of the statement and cross-examination of Dr. Talbot, it unconsciously found the latter credible, but neglected to give due weight to the former. In other words the court weighed the evidence offered on this fact against the insured. The rule is well settled that the court upon a motion for a directed verdict at the conclusion of the plaintiff's case must construe the evidence in the light most favorable to the one against whom the motion is directed. This is especially true where a plaintiff has proved every essential element of his case by that degree of proof which would entitle him to judgment in his favor if his opponent failed to contest the issue. In such case there is more than a scintilla of evidence, which a court may not hold to be insufficient. See 39 Ohio Jurisprudence, 796, Section 181.

It will be remembered that the insured called Dr. Talbot for the purpose only of identifying his statement. His entire testimony in chief is contained in six questions and answers. He identified the instrument, and nothing more. At its conclusion his statement was not offered in evidence. Counsel for the insurer proceeded, however, to interrogate him concerning the contents thereof. If the proof of loss was insufficient, as averred by the insurer, that fact would be apparent on the face of the instrument itself when examined in the light of the covenants of the insurance contract. It would hardly need oral explanation as to just what caused death. Looking further to Dr. Talbot's statement, it is certain that he did not state the cause of death from his personal knowledge—that it had its

origin in the "history given" him of the case. It was purely hearsay. See *Insurance Co.* v. *Schmidt,* 40 Ohio St., 112. Being hearsay it would not have been a proper subject of inquiry by the plaintiff in error had she chosen to make inquiry thereof.

It is the rule that upon cross-examination one may not only inquire upon all matters testified about, but may inquire as to such further matters as the other party may have inquired of. This liberality, however, does not extend to cross-examination upon matters which the other party may not inquire into.

It is the law of this state, as established in *Mumaw* v. *Western & Southern Life Ins. Co.,* 97 Ohio St., 1, 119 N. E., 132, that the provision of an insurance contract, to the effect that the insured is in sound health upon delivery date of the policy, is not a condition precedent, or a warranty of a vital fact, but that a breach thereof is an affirmative defense.

The court in *Pomfrey* v. *Prudential Ins. Co.,* 16 Ohio App., 75, following the rule stated in *Legg* v. *Drake,* 1 Ohio St., 286, 292, held as follows:

"A defendant may not, prior to the opening of his case, offer evidence of an affirmative defense by cross-examination of the plaintiff's witness."

The case of *American Assurance Co.* v. *Early,* 23 C. C. (N. S.), 418, 34 C. D., 320, and that of *Rustin, Exr.,* v. *Prudential Ins. Co.,* 27 Ohio App., 466, 161 N. E., 561, are likewise in point. As pointed out in *Legg* v. *Drake, supra,*

"To allow a party defendant to do so, in the cross-examination of the plaintiff's witnesses, would be giving him an undue advantage."

For, as urged in this controversy, the insured says, the cross-examination of her witness and the court's action in sustaining the motion for a directed verdict have made it impossible for her to controvert the insurer's proof that the insured died of carcinoma, from

which he suffered prior to the delivery of the policy, which she stood ready to do by the testimony of several witnesses.

*Stafford* v. *Fargo,* 35 Ill., 481, has this to say:

"When a witness is called by one party, the other has only the right to cross-examine upon the facts to which he testified in chief. If he can give evidence beneficial to the other party, he should call him at the proper time, and make him his own witness and examine him in chief, thereby giving the opposite party the benefit of a cross-examination on such evidence in chief."

*Hildebrand* v. *United Artisans,* 50 Or., 159, at 164, 91 P., 542, brings forth this succinct reasoning:

"If, on cross-examination, defendant can be permitted to go to the extent, not only of identifying the instrument, but of introducing it in evidence, he would thereby procure the advantage, under the pretense of cross-examination, of making him his witness in chief, and, at the same time, of depriving plaintiff of any cross-examination of the witness on points thereby elicited."

See, further, 26 Ruling Case Law, 1040, Section 45, and authorities noted therein. The judgment is reversed and the cause remanded.

*Judgment reversed.*

LEMERT, P. J., and MONTGOMERY, J., concur.